Commonwealth, Appellant, *v.* Zimmerman.

Argued September 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Samuel C. Nissenbaum,* for appellee.

OPINION BY CERCONE, J., November 13, 1969:

Charles Zimmerman filed a petition to expunge his criminal record. The petition alleged that he had been engaged in the City of Philadelphia as a beer distributor and as such distributor had collected sales and use tax; that the City of Philadelphia had charged him with failing to remit the collected sales and use tax to the city; that he was consequently indicted and convicted in a nonjury trial in the Quarter Sessions Court of Philadelphia County, at Nos. 1357 to 1360, inclusive, of the June Term, 1963 and at Nos. 655 to 658, inclusive, of June Term, 1964, and was sentenced to one year probation by the hearing Judge and ordered to make restitution.

In his petition to expunge the criminal record petitioner alleged that he has now gone out of the beer business, has obtained a position with National Life

Insurance Company and has been fully rehabilitated and offered advancement by the said company; he alleges that, notwithstanding this progress, he has been hampered by the criminal record still appearing against him and prays that the court expunge the same.

The District Attorney filed no answer to this petition but did appear and contest the same at the time of hearing thereon. The court granted the prayer of the petition on the ground that the expunging of a criminal record was a matter strictly within its discretion and that under the facts as alleged in the petition and not contradicted by the District Attorney, petitioner in this case was entitled to the relief requested.

The Commonwealth has appealed contending that the court was without authority to order the destruction of Zimmerman's criminal record.

We are compelled to agree with the Commonwealth. This is not a case involving a defendant acquitted of a crime whose conduct since that acquittal furnishes no basis for keeping the arrest record alive. Unlike the circumstances in *Commonwealth ex rel. Magaziner v. Magaziner*, 434 Pa. 1 (1969), the petitioner in this case has been convicted of the crime and the only way that the record of conviction can be erased is by a Governor's exercise of his power to grant clemency under Article IV, Section 9 of the Pennsylvania Constitution.

It is logical and reasonable that where there is a conviction all steps and evidence leading to that conviction should remain of record. Section 1 of the Act of April 27, 1927, P. L. 414, as amended, 19 P.S. Sec. 1401, provides: "From and after the passage of this act, the Pennsylvania State Police shall continue to procure and file for record photographs, pictures, descriptions, fingerprints, and such other information as may be pertinent, of all persons who have been, or

may hereafter be, convicted of crime within this Commonwealth, and also of all well-known and habitual criminals wherever they may be procured." Thus, when the lower court ordered the expunging of petitioner's arrest record, it was countermanding the legislative directive to the State Police that such record remain, which it had no authority to do. There is no statutory or common law basis for the lower court's grant of the petition, and we necessarily must reverse the same.

Order reversed.