## Commonwealth v. Magaziner

*James R. Freedman,* for Commonwealth.
*Fred T. Cadmus, 3rd,* for defendant.

GAWTHROP, P. J., July 22, 1970.—Defendant above-named was granted a rule on the Chief of Police of the Borough of West Chester and the Chief of Chester County Detectives to show cause why they should not be ordered to destroy all records in their respective files pertaining to his arrest July 19, 1968, on a charge of adultery brought in Chester County, criminal action, May term 1968, no. 593, and why they should not request the Pennsylvania State Police and Federal Bureau of Investigation to return all

records pertaining to his arrest, including finger-prints, photographic plates and photographs of him, and on receipt thereof to expunge and destroy all such records or return them to him, the Chester County grand jury having dismissed the bill of indictment against him charging a misdemeanor. The District Attorney of Chester County filed an answer to the petition admitting all its factual averments but denying that said records should be expunged and destroyed and seeking discharge of the rule. After argument and consideration of the matter on petition and answer, the case is before us for decision.

Defendant relies upon his own case of Common-wealth ex rel. Magaziner v. Magaziner, 434 Pa. 1, a civil action for civil contempt in the courts of Philadelphia, and on Commonwealth v. Zimmerman, 215 Pa. Superior Ct. 534, as authority requiring us to grant the relief sought. Despite those cases, we can ascertain no authority under them or elsewhere under either statutory or common law to support our making an order to expunge and destroy all records in the Chester County adultery prosecution, the subject matter of the petition before us. A careful reading of Magaziner, supra, shows that the proceedings there were for *civil contempt* for alleged failure to comply with a verbal order of court in a *civil proceeding* in Philadelphia County. In that proceeding, defendant, in the language of the Supreme Court at page 5, was "arrested, booked, fingerprinted and placed in a cell" under an attachment issued *May 17, 1968*, returnable forthwith. By whom and on what authority he was booked and fingerprinted is far from clear, but beyond doubt it was done in the civil contempt proceedings. Clearly he was not at that time arrested, booked, printed or confined in the prosecution for adultery brought in Chester County in which the warrant

issued *July 19, 1968.* Nowhere in the Supreme Court's opinion is a criminal prosecution for adultery even mentioned. The arrest for adultery was made several weeks after service of the attachment in the Philadelphia contempt proceedings and some three weeks after defendant petitioned the Supreme Court in June 1968, for a writ of special certiorari on which that case was heard and decided in that court. As we read the majority opinion of the Supreme Court, the words "unjustly arrested, as a result of which he now has a criminal record," appearing in the final paragraph thereof at page 9, necessarily refer to the arrest, booking and fingerprinting of defendant on the attachment for civil contempt in Philadelphia, the only matter then before that court, and not to the later arrest for adultery in the Chester County criminal prosecution. The concurring and dissenting opinion, at page 10, confirms that view by reference to the "unjust and highly improper contempt order" on which Magaziner " 'was arrested, booked, finger-printed and placed in a cell until bail was secured.' " While that case, therefore, authorizes the Court of Common Pleas of Philadelphia to expunge and destroy the arrest, booking, fingerprints and photographs improperly made in the civil action in Philadelphia County we do not interpret it as authorizing us to do so in the adultery prosecution in this county.

In Zimmerman, supra, it was held that there was no authority under the Act of April 27, 1927, P. L. 414, as amended, 19 PS §1401, for a court to order a criminal record of one who has been *convicted* of crime to be expunged or destroyed. The case does not decide the question involving an *acquitted* defendant or one as to whom an indictment has been dismissed. The opinion in Zimmerman necessarily refers to the arrest in the civil contempt proceedings in Magaziner

and therefore furnishes no authority to grant the relief here sought.

We have searched in vain for authority seeming to justify entry of an order in the form here requested. The Act of April 27, 1927, P. L. 414, sec. 5, as amended, 19 PS §1405, provides that district attorneys, or persons designated by them, may take certain fingerprints and directs that they shall keep and arrange files of prints "of persons convicted of crime and shall destroy the fingerprints of all persons acquitted." For failure to comply with that direction, they are subject not only to prosecution for a misdemeanor but also to removal for malfeasance in office: Act of April 27, 1927, P. L. 414, sec. 6, as amended, 19 PS §1406. And mandamus would lie to compel destruction of the fingerprints if a district attorney failed or refused to perform his positive duty to destroy them.

A chief county detective appointed by a district attorney under The County Code of August 9, 1955, P. L. 323, sec. 1440, 16 PS §1440, is a general police officer and has the powers of a constable relating to criminal law and procedure. Those powers do not expressly include the authority to make or maintain files of fingerprints. But as an appointee of a district attorney he may not keep fingerprints of persons acquitted of crime which the officer appointing him is required to destroy. In acting as a general police officer in the investigation of crime and in performing duties assigned by the district attorney, he is not forbidden to make or keep photographs of persons charged with crime. Thus, we have no power or authority to order him to destroy such photographs or photographic plates, but he may be required to destroy fingerprints of acquitted persons which admittedly are in his possession.

On the other hand, section 3 of the Act of 1927, 19 PS §1403, expressly authorizes "(t)he Pennsylvania State Police . . . and all police officers within the several political subdivisions of this Commonwealth" to take or cause to be taken "fingerprints or photographs of any person in custody, charged with the commission of crime," excepting those charged with summary offenses under The Vehicle Code. The act nowhere directs destruction of that material in cases of acquittal. Thus, local chiefs of police are not required to destroy such records of persons acquitted or whose bills of indictment are dismissed by a grand jury, and we lack power or authority to order them to do so. The positive direction contained in section 5 of the act requiring district attorneys to destroy fingerprints of persons acquitted, together with the complete absence from all other sections of the act of a direction to detectives or police officers to destroy fingerprints or photographs, shows a legislative intent to limit directions to destroy the fingerprints of acquitted persons to those kept by district attorneys and by their chief detectives. "Expressio unius est exclusio alterius."

It follows that no common-law or statutory authority is given us to require a chief county detective to destroy photographs or photographic plates of acquitted defendants which he may have in his files, nor to require a chief of police of a borough to destroy either fingerprints, photographs or photographic plates of such persons which he may have. We have no power to order either of such persons to request the Pennsylvania State Police to return any thereof. Such request would fly in the face of the duty imposed on the State Police by section 4 of the Act of 1927, as amended, 19 PS §1404, to develop and carry on a complete system, interstate, national and international, of criminal identification and investigation

and upon request to furnish any information in its possession concerning any person charged with crime to courts and various law enforcement officers of the Commonwealth, any other State or the United States. Since the chief of police may keep the prints, photographs and plates in his files, it would be a vain thing to order him, even if we had power to do so, to request the FBI to return any prints, photographs or plates of defendant in its records. But, in any event, it is not our function to direct that any such requests be made of a Federal bureau by a chief county detective or a borough chief of police.

There is no authority given us to order either the chief detective or chief of police to destroy what defendant designates as "all records" in their files pertaining to his arrest for adultery on July 19, 1968, and we may not order that any more than we could order the issuing authority to destroy his entire record of that prosecution.

And now, July 22, 1970, after argument and consideration of the above matter, the Chief County Detective of Chester County is hereby ordered to destroy all fingerprints in his possession of David A. Magaziner, Jr., made and kept in connection with the above-entitled prosecution. In all other respects, the prayer of the petition is refused and the rule is discharged.