## Commonwealth v. Wexler

*Bert Goodman*, for Commonwealth.
*Martin Wexler*, in propria persona.

HONEYMAN, *J.*, February 28, 1978—On April 7, 1977, Martin Wexler and his minor daughter Vicki were arrested at their home, Apartment F-1, Bethayres Valley Apartments, 700 Welsh Road, Huntingdon Valley, in Montgomery County, Pa., following execution of a search warrant by officers of the Lower Moreland Township Police Department. As a result of that search, police found a quantity of marijuana in the bedroom of Vicki Wexler.

In a juvenile court petition it was averred that Vicki Wexler was delinquent in that she was in violation of section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-113, specifically, possession of marijuana with intent to manufacture or deliver same. In addition, Miss Wexler was charged with criminal conspiracy with Howard Erdreich, a minor, who was also arrested at the scene. Martin Wexler was charged with corruption of the morals of a minor. On April 15, 1977, Estelle Wexler, wife of Martin Wexler and also present at the scene, was arrested and charged with corruption of the morals of a minor. Criminal conspiracy charges were brought against both Martin and Estelle Wexler in connection with the incident.

Mr. and Mrs. Wexler were held for court following preliminary hearings, on April 15 and April 25 respectively, before District Justice Everett P. Arnold. On May 9, 1977, a consent decree was entered as to Vicki Wexler in juvenile court by Judge Horace A. Davenport and she was placed on 12 months probation. Motions for nolle prosequi of Martin and Estelle Wexler were granted by Judge Frederick B. Smillie on August 1, 1977.

On November 9, 1977, Martin, Estelle and Vicki Wexler filed a petition to expunge criminal records. The Commonwealth filed an answer opposing defendants' petition on November 22, 1977. Following a hearing and after a review of the records, the undersigned judge dismissed defendants' petitions in an order dated January 31, 1978. Defendants took an appeal to the Superior Court of Pennsylvania on February 8, 1978, necessitating this opinion.

In a recent decision, the Superior Court held that, even in the absence of specific statutory authority,

a court may order expungement under appropriate circumstances: Com. v. Malone, 244 Pa. Superior Ct. 62, 366 A. 2d 584 (1976). Prior to this time no Pennsylvania appellate court decision had squarely addressed the issue of the availability of expungement in cases which did not result in conviction. However, the law is clear that those convicted of a crime are not entitled to seek expungement: Com. v. Zimmerman, 215 Pa. Superior Ct. 534, 258 A. 2d 695 (1969).

The lower court in Malone, supra, had denied appellant a hearing on the issue of his right to expungement because that court believed that it was without authority to grant the requested relief. The Superior Court remanded the case for a hearing.

In holding that the right of expungement existed in Pennsylvania, the Superior Court viewed the right as an adjunct of due process. Considering the detrimental effects that can result from an arrest record in terms of economic and social losses, the Superior Court stated:

"Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, an individual must be afforded a hearing to present his claim that he is entitled to expungement—that is, because an innocent individual has a right to be free from unwarranted punishment, a court has the authority to remedy the denial of that right by ordering an expungement of the arrest record." p. 69.

Petitioners herein were granted a hearing on the issue of their right to expungement. The question is whether or not circumstances in the instant case warrant the relief requested.

The Superior Court in Malone did not set down guidelines as to the appropriate circumstances which would require expungement. It did, however, suggest such instances as dragnet arrests, arrests of innocent bystanders occurring during a riot in an effort to clear the streets, and arrests for the purpose of harassment. None of these circumstances occurred in the instant cases.

In Malone, the accused was arrested and charged with solicitation to commit involuntary deviate sexual intercourse which charge was dismissed at the preliminary hearing. Although the court in Malone was careful not to limit its holding to those cases which are dismissed at the preliminary hearing stage, the court was clearly concerned with those who have been unlawfully arrested.

An arrest is lawful if based upon probable cause: Com. v. Dickerson, 468 Pa. 599, 364 A. 2d 677 (1976). The test is not one of certainties but rather one of probabilities dealing with the considerations of everyday life. It is not equivalent to the proof beyond a reasonable doubt standard applied at trial: Com. v. Donnelly, 233 Pa. Superior Ct. 396, 404, 336 A. 2d 632 (1975).

At the preliminary hearings of Mr. and Mrs. Wexler, police officers testified that the odor of burning marijuana pervaded the entire apartment where Martin, Estelle and Vicki Wexler were present. In an upstairs bedroom, 16-year-old Howard Erdreich was lying on a bed under the influence of something, presumably marijuana. A quantity of marijuana was found on the premises. Armed with this information, detective Carl Molt obtained an arrest warrent for Martin Wexler. Estelle Wexler was later arrested pursuant to a valid warrant. The

arrests in the instant cases were lawful, and the Commonwealth presented a prima facie case as to both defendants at their preliminary hearings.

It was the decision of the Commonwealth at a later date not to proceed with these prosecutions that resulted in the entry of nolle prosequi orders. Because these arrests were lawful, the concerns of the Commonwealth in retaining valid arrest records outweigh the potential detriment that these defendants may face as a result of their arrest records. Therefore, defendants' petition to expunge was dismissed.