518 A.2d 858

**COMMONWEALTH of Pennsylvania**

**v.**

**Mark A. COOK.**

**Appeal of COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1986.

Filed Dec. 16, 1986.

Joanna N. Reynolds, Harrisburg, for appellants.

Dina M. Eagan, Willow Grove, for Cook, appellee.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order of the trial court which denied appellant's Petition for Reconsideration and Rescission of the Expungement Order. On September 12, 1978, appellee Mark A. Cook pled guilty to a charge of criminal conspiracy to commit burglary and was sentenced to five (5) years probation.

On January 12, 1983, the lower court, having been advised that appellee had fully complied with the conditions of his probation, granted appellee's petition for early termination of probation. On October 2, 1985, appellee filed a petition to expunge the fingerprints, photographs, photographic plates and record of arrest pertaining to the prior criminal action. The same day, a copy of appellee's petition to expunge was served on the District Attorney's office and the court then entered a rule upon the Commonwealth to

show cause why appellee's petition to expunge should not be granted. A Rule Returnable date was set for October 29, 1985.

The District Attorney's office did not oppose appellee's petition and no answer was filed as of the return date. On October 31, 1985, the court entered an Order granting appellee's petition to expunge, copies of which were sent to appellee's counsel and the District Attorney's office. The Commonwealth took no appeal from this Order.

On December 27, 1985, appellant, the Pennsylvania State Police, filed a Petition for Reconsideration and Rescission of the Expungement Order. A hearing was held on the matter, and on March 4, 1986, the court entered an Order denying appellant's petition. This appeal followed.

Appellant now contends that the appellee was required to notify the Pennsylvania State Police of his petition for expungement of criminal records. Appellant further argues that the court did not have the authority to expunge appellee's record of conviction even if the district attorney did not oppose the expungement.

Initially, we find no legal authority to support the lower court's Order granting expungement of appellee's conviction record. The Criminal History Record Information Act, 18 Pa.C.S.A. § 9101 *et seq.*, specifically section 9122, authorizes expungement in limited circumstances:

§ 9122. **Expungement**

(a) **Specific proceedings.**—Criminal history record information shall be expunged in a specific criminal proceeding when:

(1) No disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement; or

(2) A court order requires that such nonconviction data be expunged.

**(b) Generally.**—Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or

(2) An individual who is the subject of the information has been dead for three years.

The definitional section, 18 Pa.C.S.A. § 9102, elaborates on the term "criminal history record information" as:

Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any *dispositions* arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope). (emphasis added)

The term "dispositions" is also defined in 18 Pa.C.S.A. § 9102, and includes: "... acquittal, acquittal by reason of insanity, pretrial probation or diversion, charge dismissed, *guilty plea....*" (emphasis added).

■ A fair reading of the expungement statute indicates that section 9122(a) applies to the expungement of non-conviction data contained in the criminal history record, while section 9122(b) applies to the expungement of the entire criminal history record, despite the disposition of the case. In the instant action, appellee pled guilty to the charge against him, therefore, any right to expungement must be found in section 9122(b)(1) or (b)(2). Appellant does not fall within either enumerated section as he is not seventy years of age or older nor has he been dead for three years.

Furthermore, this Court, in *Commonwealth v. Magdon*, 310 Pa.Super. 84, 456 A.2d 194 (1983), determined that there is no authority for granting expungement of criminal records for an individual who has been arrested and convicted of a crime, regardless of his subsequent progress and rehabilitation. While acknowledging a due process right to a hearing on expungement of an arrest record of someone who was not ultimately convicted, for whatever reason, of a crime, the court stated:

> This due process right to be heard is not abridged by denying an expungement hearing to one *actually convicted* of a crime because the conviction itself is based upon a hearing in which the accused was adjudged guilty beyond a reasonable doubt, or upon a plea of guilty which waives many of the formalities of such a hearing....

*Magdon, supra*, 310 Pa.Superior Ct. at 89, 456 A.2d at 196.

Based upon the following authority, we find appellee, who pled guilty and on that basis was found guilty by the lower court, is not entitled to expungement of his record. This is true despite the failure of the District Attorney's office to oppose the expungement. When the lower court ordered the expunging of appellee's arrest record, it was acting without a statutory or common law basis. *See Commonwealth v. Zimmerman*, 215 Pa.Super. 534, 258 A.2d 695 (1969).

The instant action must be distinguished from cases where a special legislative policy exists to provide for expungement of records after completion of specific programs. In *Commonwealth v. Armstrong*, 495 Pa. 506, 434 A.2d 1205 (1981), the Supreme Court held that a person who successfully completed an Accelerated Rehabilitative Disposition (ARD) program was entitled to have his or her record expunged. Similarly, in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981), the court found that a juvenile who entered into a consent decree, pursuant to the Juvenile Act, was entitled to expungement. Both of these areas involve special programs with specific rehabilitative goals. *See Magdon, supra*.

Likewise, our Uniform Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. § 780–118 and § 780–119, provides for expungement in certain circumstances of any records of arrest or prosecution for a criminal offense arising under the Act. Section 780–119(a) provides for expungement of these records when the criminal charges have been withdrawn, dismissed or result in an acquittal. In conjunction therewith, section 780–118 provides ways for the court to withdraw criminal charges against a person charged with a nonviolent crime who claims to be drug dependent or a drug abuser, in order for the person to receive treatment and rehabilitation. It must be kept in mind, however, that these provisions apply only in very limited circumstances; none of which are even remotely applicable to the appellee's situation herein.

An abuse of discretion will be found if the lower court has overridden or misapplied the law. *Commonwealth v. Pittman*, 320 Pa.Super. 166, 466 A.2d 1370 (1983). There is no question that the trial court in the case *sub judice* committed an error of law.

 Moreover, the lower court was without the power to reconsider the October 31, 1985 Order beyond a thirty-day period. 42 Pa.C.S.A. § 5505 provides for the following:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

The Order granting the expungement petition was handed down on October 31, 1985, and appellant filed a Petition for Reconsideration and Rescission of the Expungement Order on December 27, 1985. A reconsideration hearing was held on February 13, 1986, and the Order denying appellant's petition was handed down on March 4, 1986. Because the trial court was without authority to reconsider the petition beyond a thirty-day period, we must vacate the March 4, 1986 Order. *See Ondulich v. District Attorney of Westmoreland County*, 517 A.2d 208.

■ Therefore, we are compelled to find that appellant has failed to appeal the original expungement Order in a timely fashion. Pa.R.A.P. 903 provides that an appeal must be filed within thirty days after entry of the Order from which the appeal is taken. In the instant action, appellant did not file an appeal from the October 31, 1985 Order and thus we have no jurisdiction to review appellant's contentions. *Commonwealth v. Jones*, 307 Pa.Super. 558, 453 A.2d 1028 (1982). It appears that appellant's failure to file a timely appeal is a direct result of not receiving notice of the expungement Order until the appeal period had passed.

While we can find no authority to support a contention that either the appellee or the District Attorney's office has a statutory or common law duty to provide notice of expungement proceedings to the State Police, we are concerned with the lack of communication between the District Attorney's office and the State Police. There is need for a policy formulation between the two departments which will bridge the communication gap between them. We have no doubt that the District Attorney's office should have raised the appropriate issues in opposition to the expungement of appellee's record and vigorously defended against it.

Today we are only passing on the issue of the timeliness of appellant's appeal, therefore leaving open the question of whether the State Police could refuse to comply with the expungement Order as it is patently improper, based on their statutory duty to maintain the criminal records of individuals convicted of crimes in this Commonwealth as outlined in 61 P.S. § 2171 and 18 Pa.C.S.A. § 9111.

Accordingly, while we find the lower court improperly granted appellee's petition to expunge, we are without jurisdiction to consider this appeal.

Appeal quashed.

DEL SOLE, J., concurring opinion.

DEL SOLE, Judge, concurring:

I join in the majority opinion to the extent that it holds this appeal must be quashed as no appeal was filed within

thirty days after entry of the final order of October 31, 1985. *See* Pa.R.App.P. 903. Having found we are without jurisdiction to review Appellant's contentions, (Majority Opinion at 222), I disassociate myself from that aspect of the opinion which then reviews those contentions. Neither do I believe it prudent to comment upon the quality of communication between the District Attorney's Office and the State Police with regard to a matter we are without jurisdiction to review at present.