1999 PA Super 3

COMMONWEALTH of Pennsylvania

v.

James P. HAZELTON, IV.

**Appeal of Pennsylvania State Police.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1998.
Filed Jan. 7, 1999.

Patricia J. Bartkowiak, Harrisburg, for appellant.

Robert C. Ewing, Media, for James P. Hazelton, IV, appellee.

Before KELLY, EAKIN and OLSZEWSKI, JJ.

EAKIN, J.

¶ 1 The Pennsylvania State Police ("PSP") appeal from the order directing the expungement of the criminal conviction record of James P. Hazelton, IV.

¶ 2 According to the record, Hazelton was arrested in 1988 for criminal mischief, harassment and disorderly conduct; he apparently pled guilty to summary disorderly conduct in satisfaction of all charges.[1] In 1996, for reasons not of record, the Court of Common Pleas of Montgomery County granted Hazelton's petition to expunge his criminal record. That Order directed the Lower Merion Township Police Department and any other agency with a record regard-

ing Hazelton's March 1988 arrest to "remove, destroy and purge any and all records, fingerprint cards, photographs, incident reports, docket entries and computer entries..." Trial Court Order, January 10, 1996.

¶ 3 PSP was not a party to the expungement proceeding, and had no notice of it. Served with the order, PSP expunged all information relating to the charges that did not result in a conviction, but refused to expunge information relating to the disorderly conduct guilty plea. Hazelton eventually filed a petition to compel expungement. The trial court issued a Rule that was served on PSP, directing PSP show cause why Hazelton's petition should not be granted. Curiously, the District Attorney joined Hazelton's petition.

¶ 4 PSP responded, citing a lack of authority for the original order of expungement, relying on 18 Pa.C.S. § 9122(a)(2). The court then entered an order requiring PSP to expunge all of Hazelton's records.[2] From that order PSP appeals, presenting the sole issue of whether it can be compelled to comply with an order it avers was entered without authority.

¶ 5 PSP first cites *Commonwealth v. Zimmerman*, 215 Pa.Super. 534, 258 A.2d 695 (Pa.Super.1969), for the proposition there is no common law right to expungement absent an executive pardon. There being no pardon here, we turn to statutory expungement, Section 9122 of the Crimes Code, the pertinent parts of which are:

§ 9122. **Expungement(a) Specific Proceedings.**— Criminal history record information shall be expunged in a specific criminal proceeding when:

(1) No disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository

---

1. There are limited details available, as the county Clerk of Courts destroyed its records following the expungement order.

2. Although the order indicates it was entered following a hearing, there is nothing in the record to suggest a hearing was held.

that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement; or

(2) A court order requires that such nonconviction data be expunged.

**(b) Generally.**— Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or

(2) An individual who is the subject of the information has been dead for three years.

\* \* \*

**(d) Notice of expungement.**— Notice of expungement shall promptly be submitted to the central repository which shall notify all criminal justice agencies which have received the criminal history record information to be expunged.

\* \* \*

**(f) District attorney's notice.**— The court shall give ten days prior notice to the district attorney of the county where the original charge was filed of any applications for expungement under the provisions of subsection (a)(2).

18 Pa.C.S § 9122.

¶ 6 Hazelton alleges the appeal is untimely, that PSP waived all issues by not filing an answer to his petition to compel expungement, and that PSP lacks standing to contest the expungement of its records. We address these claims in reverse order.

■ ¶ 7 In *Pennsylvania State Police v. Court of Common Pleas of Bucks County*, 150 Pa.Cmwlth. 338, 615 A.2d 946 (Pa. Commw.1992), *aff'd per curiam*, 533 Pa. 324, 623 A.2d 814 (Pa.1993), the Commonwealth Court held PSP does not have standing to object to an expungement request. While the wisdom of the dissent in that 2–1 decision is apparent in this appeal, we are bound by that result. However, the present matter comes to us in a different posture. PSP is not seeking to enter or litigate the original petition. Hazelton filed to compel PSP to expunge its records, based on an order to which PSP was not a party. The Rule was issued on the State Police, directing it to show cause why its records of Hazelton's conviction should not be expunged. Certainly an agency has standing to answer a Rule directing it to show cause. The goal of Hazelton's petition was to make PSP destroy its records. PSP clearly has standing to defend its records against such a request, whatever its chances of prevailing. That which knocked PSP out in *Bucks County* is not present in this case. In this situation, standing exists.

■ ¶ 8 The record shows no hearing was held on the petition to compel; the trial court and Hazelton took the position PSP's failure to file an Answer pursuant to the Local Rule of Criminal Procedure 329 made the Rule absolute, and on this basis entered the order. Mont. Co. Local Rule Crim. P. 329 is entitled "Expungement of Record" and deals with the process of petitioning for expungement, and requires the district attorney to file an answer. PSP is not required to file anything. They are not referenced in the Rule at all, and given the *Bucks County* decision, they have no standing to file an answer even if they wanted to. While the local rule speaks to the original expungement petition and answer, this appeal concerns a proceeding to compel compliance with an expungement order already entered. There is no local rule governing this.

■ ¶ 9 The trial court issued a Rule to be returnable December 30, 1997, at a hearing in Courtroom 1. As there was no direction to file a verified answer, no answer was required. Pa.R.Crim.P. 9021. PSP's Memorandum of Law, filed in response to the Rule, was more than sufficient to preserve their right to proceed, and nothing was waived.

¶ 10 Clearly, PSP's appeal is timely. Hazelton suggests the appeal is untimely because it was filed more than 30 days after the initial expungement order. PSP is not appealing that order. Rather, it appealed from

the order directing it to comply with the expungement order.

¶ 11 Having determined PSP has standing to defend against a compliance order, has not waived its right to defend and has timely appealed, we next determine its burden of proof. PSP offers the alleged lack of entitlement of Hazelton to an order of expungement in the first proceeding. Logic dictates if it can demonstrate the underlying expungement order was not authorized by law, the trial court would be without jurisdiction to enforce compliance. *See Public Welfare v. Alessi*, 119 Pa.Cmwlth. 160, 546 A.2d 157 (Pa.Commw.1988). This would be a valid defense to Hazelton's entitlement to force the destruction of PSP's records.[3] Despite the criminal caption, we are dealing with an administrative, record-keeping matter, and the accompanying burden of proof should be that of a preponderance of the evidence.

¶ 12 Facially, it appears Hazelton did not qualify for expungement; he is alive, 29 years old, and has not been granted a gubernatorial pardon. However, the trial court has not taken evidence on the Petition to Compel, and we are unable to determine what PSP might be able to prove. If PSP proves Hazelton is not entitled to expungement under the law, it cannot be forced to expunge that which the law directs it to keep.

¶ 13 Accordingly, we reverse the order compelling the Pennsylvania State Police to expunge its records entered January 6, 1998, and remand to the trial court for a hearing consistent with this decision.

¶ 14 Order reversed. Case remanded for hearing. Jurisdiction relinquished.

¶ 15 KELLY, J., concurs in the result.

---

**3.** We do not suggest this voids the original expungement order entered years prior to the order directing compliance. That order was not appealed by the district attorney, the only party to the proceeding who could have done so. The expungement order itself *is not before us.* We hold only that **PSP,** if it meets its burden of showing the expungement order was not authorized by law, is not required to destroy its records.