J-A01014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERESA COOPER | : | |
| | : | |
| Appellant | : | No. 3140 EDA 2017 |

Appeal from the Order April 25, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005582-2013

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 29, 2019**

Teresa Cooper appeals from the order entered April 25, 2017,[1] in the Delaware County Court of Common Pleas, denying her petition for expungement of prior criminal charges.[2]  On appeal, Cooper argues the trial court erred (1) when, relying upon this Court's decision in **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. 2001), it failed to consider the equities of her expungement petition, and (2) in failing to determine whether her due process rights were violated when the Commonwealth presented no evidence at the expungement hearing.  For the reasons below, we are constrained to quash this appeal.

_____

[1] The order was not docketed until the next day.

[2] As we will discuss *infra*, Cooper filed the notice of appeal following the trial court's August 7, 2017, order denying her motion for reconsideration of the April 25th order.

The facts underlying Cooper's original charges are summarized by the trial court as follows:

> Cooper[] was arraigned in the Court of Common Pleas of Delaware County on October 2, 2013, on charges of Bad Checks, Access Device is Counterfeit, Altered or Incomplete, Theft by Deception – False Impression, Theft by unlawful taking – moveable property, Receiving Stolen Property and Forgery. [**See** 18 Pa.C.S. §§ 4105(a)(1), 4106(a)(1), 3922(a)(1), 3921(a), 3925(a), and 4101(a)(2), respectively.]
>
> The foregoing charges were the result of an investigation by Detective Matthew Cresta of the Delaware County Criminal Investigation Division Economic Crimes Unit into [Cooper's] conduct in "check kiting" wherein on May 7, 2013 she deposited a bad check in the amount of $4,800.00 into her Franklin Mint Federal Credit Union checking account and made withdrawals totaling $4,600.00 in allotments of $3,300.00 and $1,300.00. However, once the deposit check was dishonored her account became overdrawn in the amount of $4,863.91. The financial institution made multiple attempts to work with [Cooper] to rectify the overdrawn account but apparently these were fruitless and the Detective was contacted. [Cooper] did not respond to the Detective who filed charges based on the foregoing on August 22, 2013.

Trial Court Opinion, 5/8/2018, at 1-2 (footnotes, emphasis and record citation omitted).

Cooper waived her right to a preliminary hearing, and, on January 27, 2014, entered a negotiated guilty plea to one count of bad checks, graded as a first-degree misdemeanor.[3] In exchange for the plea, the Commonwealth recommended a sentence of three years' probation, with restitution in the

_____

[3] Cooper was 19 years old when she committed the offense and entered her guilty plea.

amount of $4,863.91 to be paid to the Franklin Mint Credit Union, and agreed to dismiss the remaining charges at sentencing. The court accepted the guilty plea, proceeded immediately to sentencing, and imposed the probationary sentence provided for in the plea.

On July 21, 2015, Cooper filed a *pro se* motion for partial expungement, which the trial court denied on September 23, 2015. Subsequently, on April 24, 2017, Cooper filed a counseled petition for expungement, seeking to expunge only the charges that were dismissed following her guilty plea. The next day the trial court entered the following order, denying the motion:

> AND NOW, to wit, this 25th day of April, 2017, upon consideration of [Cooper's] Second Pro Se Petition for Expungement dated April 24, 2017 as well as [the] Commonwealth's response in opposition of April 25, 2017, [the] same is hereby DENIED. The September 23, 2015 Order of Court denying [Cooper's] First Pro Se Petition for Expungement is hereby incorporated into this Order by reference as though fully set forth herein.

Order, April 25, 2017. It merits emphasis the April 24th petition was filed by counsel, not *pro se*, and no response by the Commonwealth was docketed or included in the certified record.

On May 24, 2017, Cooper filed a motion for reconsideration. In response, on May 25, 2017, the trial court filed a notice of hearing on the reconsideration motion, which it scheduled for June 19, 2017. **See** Notice of Hearing, 5/25/2017. The hearing was later continued until June 26, 2017, and subsequently, on August 7, 2017, the trial court entered an order denying

Cooper's motion for reconsideration. Cooper filed a notice of appeal on September 5, 2107.[4]

Before we proceed to an examination of the substantive issues raised by Cooper, we must first determine if the appeal was timely filed because our jurisdiction is dependent upon "the filing of a timely notice of appeal."[5] **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007) (quotation omitted), *appeal denied*, 960 A.2d 838 (Pa. 2008).

It is well-settled a notice of appeal must be filed within 30 days of the entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903(a). However, pursuant to Section 5505 of the Judicial Code, a trial court may "modify or rescind any order within 30 days after its entry, … if no appeal from such order had been taken or allowed." 42 Pa.C.S. § 5505. This Court has explained:

> "Under section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration." **Haines v. Jones**, 830 A.2d 579, 584 (Pa.Super.2003). "[T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order." **Id.** "The

---

[4] On September 26, 2017, the trial court ordered Cooper to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Cooper complied with the court's directive, and filed a concise statement on October 17, 2017.

[5] On January 3, 2018, this Court issued Cooper a Rule to Show Cause why the appeal should not be quashed as untimely. Cooper filed a response to the rule on January 16, 2018. Thereafter, on January 30, 2018, this Court entered an order referring the issue to the merits panel.

> mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period." ***Valley Forge Center Associates***[ ***v. Rib-It/K.P., Inc.***], 693 A.2d [242,] 245 [(Pa. Super. 1997)]. "If the trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the [motion] and the original order." ***Id.***

***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 226 (Pa. Super. 2007).

***See*** Pa.R.A.P. 1701(b)(3). Accordingly, the filing of a motion for reconsideration of an appealable order does not toll the 30-day appeal period unless the trial court **expressly grants** reconsideration during that same 30-day period. In ***Commonwealth v. Moir***, 766 A.3d 1253 (Pa. Super. 2000), a panel of this Court reiterated: "[A] trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period." ***Id.*** at 1254. Furthermore, "[w]e have consistently held that the trial court lacks jurisdiction to modify a sentence once the 30 day period for filing an appeal has passed." ***Commonwealth v. Gordon***, 477 A.2d 1342, 1345 (Pa. Super. 1984).

This Court's decision in ***Commonwealth v. Cook***, 518 A.2d 858 (Pa. Super. 1986), is instructive. In that case, the appellee filed a petition to expunge criminal records regarding a burglary conviction for which he had entered a guilty plea. Although the trial court issued the Commonwealth a rule to show cause why the petition should not be granted, the Commonwealth did not respond to or oppose the petition, and the court entered an order granting the petition on October 31, 1985. ***See id.*** at 858-859. Thereafter, on December 27, 1985, the Pennsylvania State Police filed a petition for reconsideration, asserting it did not receive timely notice of the expungement

order. *See id.* at 859, 861. The trial court conducted a hearing on the matter, and entered an order denying the petition for reconsideration on March 4, 1986. The Pennsylvania State Police then filed an appeal to this Court.

On appeal, the *Cook* panel concluded, "while … the [trial] court improperly granted appellee's petition to expunge, we are without jurisdiction to consider this appeal." *Id.* at 861. Indeed, the panel explained that the appellee did not meet any of the limited exceptions set forth in 18 Pa.C.S. § 9122, which permit the expungement of criminal history record information.[6] *See id.* at 860. Nevertheless, the panel found that because the Pennsylvania State Police did not timely appeal from the October 31, 1985, expungement order, the panel was without jurisdiction to consider the appeal. *See id.* at 861. With regard to the motion for reconsideration, and the trial court's subsequent order denying that motion, the panel opined:

> The Order granting the expungement petition was handed down on October 31, 1985, and [the Pennsylvania State Police] filed a Petition for Reconsideration and Rescission of the Expungement Order on December 27, 1985. A reconsideration hearing was held on February 13, 1986, and the Order denying [the] petition was handed down on March 4, 1986. Because the trial court was without authority to reconsider the petition beyond a thirty-day period, we must vacate the March 4, 1986 Order.

*Id.*

---

[6] Section 9122 permits the expungement of conviction data when the defendant (1) reaches 70 years old and is free from arrest or prosecution for 10 years, (2) has been dead for three years, or (3) seeks to expunge a summary conviction, and has been from arrest or prosecution for five years. *See* 18 Pa.C.S. § 9122(b).

Here, the order denying Cooper's petition for expungement was entered on April 25, 2017, and docketed on April 26, 2017. Therefore, in order to challenge that order, one of two actions had to be taken by the end of the 30-day period, May 26, 2017: either (1) the trial court had to expressly grant reconsideration and/or explicitly vacate the April 25th order, or (2) Cooper had to file a notice of appeal. Neither of these events took place during the requisite 30-day period. Rather, on May 24, 2017, Cooper filed a motion seeking reconsideration of the court's denial of her expungement petition and, the next day, the trial court filed a notice scheduling a hearing on the motion. The court did not vacate or expressly grant reconsideration of its April 25th order. Nor did Cooper file a notice of appeal, until after the trial court entered an untimely order denying her motion for reconsideration. Under these facts, Cooper's appeal was untimely filed, and we have no jurisdiction to consider her substantive claims.

Nevertheless, in her various appellate filings, Cooper provides three bases to support this Court's jurisdiction over her appeal: (1) a trial court's inherent power to correct obvious mistakes outside of the 30-day appeal period; (2) the language in Pa.R.Crim.P. 790(B), which allows a trial court to grant a hearing following the Commonwealth's objection to an expungement petition; and (3) this Court's authority to excuse a late filing when there has been a breakdown in the trial court's processes. *See* Cooper's Brief at 1-2; Cooper's Reply Brief at 1-3; Cooper's Memorandum of Law in Answer to Rule

to Show Cause, 1/16/2018, at 5-7.  None of these arguments provide a basis for relief.

First, Cooper asserts the trial court "possesses the inherent power to correct obvious and patent mistakes beyond the expiration of the usual thirty-day statutory limit imposed on the filing notices of appeal."  Cooper's Brief at 2, *citing* **Commonwealth v. Klein**, 781 A.2d 1133 (Pa. Super. 2001).  She insists her reconsideration motion addressed certain incorrect facts upon which the trial court "premised its denial[;]" specifically, the fact she had completed her probation and restitution, and the fact she was represented by counsel.  **Id.**  Cooper's reliance on **Klein** is misplaced.

In that case, the Pennsylvania Supreme Court reversed an order of this Court quashing the defendant's appeal as untimely filed.  **See Klein**, **supra**, 781 A.2d at 1136.  Two days after the defendant was sentenced on June 23, 1999, to time-served to one year imprisonment, the court learned that there was an error in the defendant's record concerning the calculation of his credit for time-served.  **See id.** at 1134.  Accordingly, on June 25, 1999, the court issued an order, *sua sponte*, directing the defendant to reappear for sentencing on June 30, 1999; however, the court did not vacate the prior sentencing order.  Before the resentencing hearing, on June 28, 1999, the defendant filed a notice of appeal from the June 23rd judgment of sentence. Nevertheless, the resentencing hearing continued as scheduled, and, on June 30, 1999, the trial court corrected the calculation of time-served in the original

sentencing order, but directed "[a]ll other aspects of the June 23rd order were to remain in effect." *Id.* (record citation omitted).

A panel of this Court quashed the defendant's appeal, reasoning the court's June 25th order "implicitly vacated" the June 23rd sentencing order, and, therefore, the defendant filed an appeal from the wrong order. *Id.* However, the Supreme Court disagreed, noting, "this court has never indicated that an order may 'implicitly vacate' an earlier order and § 5505 does not provide for such ambiguity." *Id.* at 1135. Nevertheless, while the defendant's notice of appeal divested the trial court of jurisdiction to modify its sentencing order after 30 days, the Supreme Court explained it was clear the trial court's intent was to sentence the defendant to serve one month in prison, and the miscalculation of the time-served undermined that intent; accordingly, the Court held "under the limited circumstances of this case, the [trial] court could take further action in this matter since it was merely correcting a patent defect or mistake in the record." *Id.*

Cooper's attempt to justify the trial court's actions herein as the correction of a patent mistake fails. Unlike in *Klein*, here, Cooper did not file a notice of appeal from the earlier order, which, on its face, denied Cooper's petition for expungement on the merits. Even if we were to conclude the trial court did not thoroughly consider the relevant facts before denying Cooper's petition, that error is not the type of patent defect that would justify correction by the trial court outside the 30-day period. Moreover, instantly, the court did not simply issue an order correcting a mistake; rather, it scheduled a

hearing, and later issued another order denying Cooper's petition. Accordingly, **Klein** does not provide Cooper with a basis for relief.

Second, Cooper maintains the trial court properly granted a hearing within the time prescribed by Pa.R.Crim.P. 790(B).[7] **See** Cooper's Reply Brief at 1-2. Pursuant to the rule, when a defendant files a petition for expungement, the Commonwealth has 60 days to either consent, object or take no action. **See** Pa.R.Crim.P. 790(B)(1). Subsection 790(B)(2) provides:

> (2) Upon receipt of the attorney for the Commonwealth's response, or no later than 14 days after the expiration of the 60-day period in paragraph (B)(1), the judge shall grant or deny the petition or shall schedule a hearing.

Pa. R. Crim. P. 790(B)(2). Cooper insists:

> Consistent with the terms of the rule, within 14 days of its assertion that it received an objection from the Commonwealth, the Court first denied [her] application for expungement and then granted a hearing on it. The statute does not place any limit on what the Court may do during the intervening [60]-day period with regard to the alternatives available. Following the plain language of the Rule, since the Court granted a hearing within [60] days, the prior dismissal was extinguished. Thus, no final disposition of the expungement application pending outcome of the hearing activated an appeal deadline.

Reply Brief at 1 (footnote and record citation omitted).

This argument fails based upon the holding in **Klein**. The April 25, 2017, order denying Cooper's petition for expungement was a final, appealable

---

[7] We note Cooper mistakenly cites to Rule 791 in her reply brief. **See** Reply Brief at 1. That Rule pertains to when a defendant seeks to limit access to, and the dissemination of, her criminal history record. **See** Pa.R.Crim.P. 791.

order. **See Cook**, **supra**. The court's May 25, 2017, notice of a hearing did not vacate the April 25, 2017, order either explicitly or implicitly. **See Klein**, **supra**. Therefore, in order to preserve her appellate rights, Cooper was obligated to file a notice of appeal within 30 days of the April 25, 2017, order. Her failure to do so divested this Court of jurisdiction. Nothing in the language of Rule 790 extends the appeal period, nor does it require the trial court to hold a hearing before granting or denying an expungement petition. Accordingly, this claim fails.

Lastly, in response to the show cause order, Cooper argued there was a "breakdown in the administrative process" since the trial court's April 25th order (1) mistakenly stated she was unrepresented, and (2) failed to perceive the "circumstances leading to the dismissal of her prior petition had changed[,]" namely, she had completed her probation.[8] Cooper's Memorandum of Law in Answer to Rule to Show Cause, 1/16/2018, at 6.

This Court has declined to quash "an otherwise untimely appeal if fraud or breakdown in the trial court's processes resulted in an untimely appeal." **Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002), *appeal denied*, 818 A.2d 503 (Pa. 2003). **See also Commonwealth v. Braykovich**, 664 A.2d 133, 137-138 (Pa. Super. 1995); **Commonwealth v. Rodriguez**,

---

[8] Cooper maintains the court's denial of her first petition for expungement was based on its concerns that (1) she was unrepresented by counsel, and (2) she had not completed serving her probationary period. **See** Cooper's Memorandum of Law in Answer to Rule to Show Cause, 1/16/2018, at 3-4, *citing* N.T., 8/25/2015, at 3-4, 8.

174 A.3d 1130, 1138-1139 (Pa. Super. 2017), *appeal denied*, 186 A.3d 941 (Pa. 2018). However, in those cases, the "breakdown" occurred when the clerk of court's failed to notify the defendant that his timely-filed post-sentence motion was denied by operation of law, but the defendant filed an appeal within 30 days of the trial court's belated order denying his post-sentence motions. *See Braykovich*, *supra*, 664 A.2d at 138; *Khalil*, *supra*, 806 A.2d at 421; *Rodriguez*, *supra*, 174 A.3d at 1139. The *Khalil* Court emphasized an order denying post-sentence motions by operation of law is "important in two respects[:] it informs a defendant that the 30-day time limit for direct appeal has begun, and … it appraises the defendant of his rights on appeal." *Khalil*, *supra*, 806 A.2d at 421.

The facts in the present case are not similar to those in *Khalil*, *Braykovich*, or *Rodriguez*. Cooper does not dispute that she received notice of the trial court's April 25, 2017, order denying her petition for expungement. That order was final and appealable. The trial court did not vacate or modify the order within the requisite 30-day period. The court's notice of a hearing on Cooper's petition for reconsideration did not toll the appeal period. *See Moir*, *supra*. Accordingly, Cooper was obligated to file a notice of appeal within 30 days of the court's April 25, 2017, order to preserve her appeal

rights. Because she failed to do so, we have no jurisdiction to consider her claims. Therefore, we are constrained to quash this appeal.[9]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19

---

[9] We note that even if we were permitted to review Cooper's substantive issues, we would agree with the ruling of the trial court that Cooper "is not entitled to expungement according to [**Commonwealth v.**] **Lutz**[, 788 A.2d 993 (Pa. Super. 2001),] because her remaining charges were dismissed pursuant to a negotiated guilty plea." Trial Court Opinion, 5/8/2018, at 16. **See Lutz**, **supra**, 788 A.2d at 1001 (holding a defendant is not entitled to expungement of charges dismissed as part of plea agreement when defendant was bound over for trial on all charges, Commonwealth was prepared to proceed on all charges, and defendant admitted facts that "could essentially constitute culpability for the dismissed charges").