J-A18017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CRAIG DEVON MURPHY :
:
Appellant : No. 853 WDA 2018

Appeal from the Order May 16, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009419-2004

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 3, 2019**

Appellant Craig Devon Murphy appeals *pro se* from the order entered

May 16, 2018, which vacated a November 8, 2017 order granting Appellant's

petition for expungement. Appellant, in relevant part, argues that the trial

court lacked the authority to vacate the November 8, 2017 expungement

order more than thirty days after its entry. In light of the governing statute

and relevant case law, we are constrained to vacate the May 16, 2018 order.

The relevant facts and procedural history are as follows. On November

9, 2004, the Commonwealth filed a criminal information charging Appellant

with theft by unlawful taking, tampering with records, false swearing, unsworn

falsification to authorities, and securing execution of documents by

deception.[1] The charges stemmed from a scheme whereby Appellant

---

[1] 18 Pa.C.S. §§ 3921(b), 4104(a), 4903(b), 4904(a)(2), and 4114,
respectively.

prepared and recorded a deed that listed him as the owner of real property that he had not purchased. Appellant then applied for mortgage loans based on the falsified deed.

Appellant pled guilty to the offenses. On May 2, 2005, the trial court sentenced Appellant to two years' probation for tampering with records. Pursuant to a plea agreement, the trial court imposed no further punishment for the remaining offenses.[2]

On September 8, 2017, Appellant filed a petition for expungement. The trial court granted Appellant's petition on November 8, 2017, directing various agencies to expunge all records of Appellant's 2004 arrest and prosecution. On November 17, 2017, the Commonwealth filed notice of its objection to the expungement petition, claiming that Appellant was "not entitled under the law to an expungement" because a trial court "[c]annot expunge a misdemeanor conviction." Notice of Obj., 11/17/17. On May 16, 2018, the trial court vacated its November 8, 2017 order and determined that Appellant was not entitled to expungement.

Appellant filed a notice of appeal on June 11, 2018. On July 13, 2018, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a responsive opinion concluding that (1)

_____

[2] The sentencing order notes that pursuant to the plea agreement, the offense of theft by unlawful taking was graded as a first-degree misdemeanor. **See** Order, 5/2/05. The remaining offenses were graded as first and second-degree misdemeanors. **See** Criminal Compl., 3/31/04, at 3-4 (unpaginated).

Appellant does not meet the statutory requirements for expunction; (2) the trial court's expungement order was void *ab initio*; and (3) the trial court possessed inherent authority to correct the "clerical error" that resulted in the entry of the expungement order, even after the expiration of the thirty-day statutory period for modification of orders.

Appellant now raises five questions for this Court's review:

1. Did the [trial] court err by vacating a final contested expungement order more than thirty (30) days after issuing the order?

2. Did the [trial] court lack jurisdiction to vacate the expungement order?

3. Did the [trial] court err in determining that Appellant was not entitled to expungement as a matter of law and equity?

4. Did the [trial] court lack the inherent authority to recreate expunged records?

5. Did the [trial] court err by utilizing two separate docket numbers to identify Appellant's case?

Appellant's Brief at 8-9.

Preliminarily, Appellant cites **Commonwealth v. Cook**, 518 A.2d 858, 860-61 (Pa. Super. 1986), for the proposition that a trial court cannot modify an expungement order after the thirty-day period set forth in 42 Pa.C.S. § 5505. *Id.* at 14. Appellant maintains that the trial court "attempts to manufacture a clerical error where none exists," and the trial court's own neglect resulted in its failure to modify the expungement order within thirty days. *Id.* at 17.

Appellant also asserts that the Commonwealth untimely filed its notice of objection to the expungement petition, because Pa.R.Crim.P. 790(B)(1) requires that the Commonwealth act within sixty days after service of the petition. *Id.* at 18.

> Filing an untimely objection was not the proper course for the [Commonwealth] to take, rather the [Commonwealth] should have filed a timely notice of appeal . . . or a timely motion for reconsideration of the November 8, 2017 order. Even if the untimely objection was considered a functional equivalent of a motion for reconsideration, the [trial] court did not act on it within thirty (30) days.

*Id.* Appellant concludes trial court erred in vacating the expungement order more than thirty days after its issuance. *Id.* at 14.

The Commonwealth acknowledges that the holding in **Cook** might convince this panel to determine that the trial court "did not have the authority" to vacate the order granting expungement. Commonwealth's Brief at 5. In the alternative, however, the Commonwealth contends that the Pennsylvania Supreme Court has recognized a "limited class of cases amenable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction." *Id.* at 6 (quoting **Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007)). The Commonwealth argues that Appellant's case fits into this limited class, because the "trial court had no statutory basis for granting expungement" and the entry of the expungement order "was clearly in error." *Id.* The Commonwealth concludes that this Court is free to decide that the trial court's

error was "patent or obvious . . . such that the court below had authority to vacate its expungement order." ***Id.*** at 8.

"The question presented by the parties, regarding the power of courts to correct allegedly illegal . . . orders absent jurisdiction pursuant to 42 Pa.C.S. § 5505 . . . is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." **Holmes**, 933 A.2d at 65 (citation omitted).

"Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. However, "the limits of jurisdiction enshrined in Section 5505 do not impinge on that time-honored inherent power of" a court "to correct patent errors despite the absence of traditional jurisdiction." **Holmes**, 933 A.2d at 65 (citations omitted); ***see also In re K.R.B.***, 851 A.2d 914, 918 (Pa. Super. 2004) (explaining that a court has the power to "amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record" (citation omitted)).

Regarding the limitations of this inherent power, our Supreme Court noted:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors.

Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of . . . discretion.

*Holmes*, 933 A.2d at 66-67; *see also Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (holding "that the duplicative imposition of credit for time served constitutes a patent and obvious mistake that is amenable to correction after the thirty-day period prescribed in [Section] 5505"); *Commonwealth v. Robinson*, 33 A.3d 89, 92-93 (Pa. Super. 2011) (holding that the trial court's failure to give proper consideration to character evidence was not a patent error that would permit correction of the verdict following a bench trial, and "[t]he weight accorded by the trial court to character evidence is hardly patent, but revealed only by the court's subsequent explanation of its thinking").

Despite a trial court's inherent power to correct patent errors, this Court has applied Section 5505, without exception, in a case involving a procedural history similar to the present appeal. In *Cook*, the petitioner filed an expungement petition on October 2, 1985. The trial court entered a rule upon the Commonwealth to show cause as to why it should not grant the petition. The trial court set a rule returnable date of October 29, 1985. The Commonwealth did not oppose the expungement petition or file an answer to the rule returnable, and the trial court granted the expungement petition on October 31, 1985.

On December 27, 1985, the Pennsylvania State Police (PSP) filed a petition for reconsideration of the expungement order. Following a hearing, the trial court denied the PSP's petition on March 4, 1986. The PSP filed a

notice of appeal, seeking to challenge the trial court's authority to expunge the petitioner's record of conviction even if the Commonwealth did not oppose the expungement petition.

On appeal, this Court determined that the trial court committed an error of law in concluding that the petitioner was entitled to expungement. Nevertheless, this Court cited Section 5505 for the proposition that the trial court did not have "the power to reconsider the October 31, 1985 [o]rder beyond a thirty-day period." **Cook**, 518 A.2d at 860. Because the trial court did not have authority to reconsider the petition, this Court vacated the March 4, 1986 order disposing of the PSP's reconsideration request.

Instantly, Appellant filed the petition for expungement on September 8, 2017. The Commonwealth did not timely object. **See** Pa.R.Crim.P. 790(B)(1) (stating that "[w]ithin 60 days after service of the petition, the attorney for the Commonwealth shall file a consent or objection to the petition or take no action").[3] On November 8, 2017, the trial court granted the expungement petition.

---

[3] Without citing to any documents in the certified record, the trial court asserts that the Commonwealth "promptly noted that [Appellant] was not entitled to expunction as a matter of law on September 17, 2017." Trial Ct. Op., 9/12/18, at 7. The trial court further notes that the Commonwealth's "opposition to [Appellant's] petition was not forwarded to [the trial] court, nor was [the trial] court aware of the [Commonwealth's] objection to [Appellant's] petition" prior to entry of the November 8, 2017 order granting expungement. **Id.** at 2 (some capitalization omitted). The record, however, does not provide support for the trial court's assertions. The docket provided to this Court does not reveal any activity during the period between the filing of the expungement

- 7 -

On November 17, 2017, the Commonwealth untimely filed its objection to the expungement petition. The trial court concluded that the Commonwealth's objection was "the functional equivalent to a motion for reconsideration." Trial Ct. Op., 9/12/18, at 8. Despite the Commonwealth's filing, the trial court took no further action until six months later when it vacated the expungement order on May 16, 2018.

Even if we agreed with the trial court's conclusion that the Commonwealth's notice of its objection amounted to a reconsideration motion, the trial court lacked the authority to vacate the expungement order after the expiration of the thirty-day period set forth in Section 5505. **See Cook**, 518 A.2d at 860; **see also Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) (explaining that the filing of a motion for reconsideration does not automatically toll the thirty-day period for appealing from a final order; rather, the trial court must expressly grant reconsideration within thirty days of entry of its order, and the trial court's failure to do so causes it to lose the power to act on the reconsideration motion).

_____

petition and the entry of the order granting the petition. Moreover, the Commonwealth's untimely notice of its objection to the expungement petition provides no indication that the Commonwealth took any action to oppose Appellant's petition within the sixty-day period provided by Rule 790(B)(1). Therefore, the record does not support the trial court's determination that the Commonwealth promptly objected to the expungement petition. **See In re S.M.**, 176 A.3d 927, 934 (Pa. Super. 2017) (reiterating that "an appellate court cannot consider anything which is not part of the record in the case" (citation omitted)).

While we acknowledge the trial court's ability to correct a patent error despite the absence of traditional jurisdiction, we cannot conclude that the error at issue was so obvious as to trigger the trial court's inherent power. *See Holmes*, 933 A.2d at 66-67. Significantly, *Cook* also dealt with a situation where a trial court committed an error of law in concluding that the petitioner was entitled to expungement. *See Cook*, 518 A.2d at 860. Under the circumstances, however, the *Cook* Court declined to extend an exception to the general rule set forth in Section 5505. *Id.* at 860-61. Consequently, we must adhere to the decision in *Cook*. *See Commonwealth v. Davis*, 188 A.3d 454, 457 n.2 (Pa. Super. 2018) (reiterating that "a [Superior Court] panel must adhere to the precedents that this Court's prior panels have handed down").

Based upon the foregoing, the trial court did not have authority to reconsider Appellant's expungement petition, and we must vacate the May 16, 2018 order modifying the original order granting expungement. *See* 42 Pa.C.S. § 5505; *Cook*, 518 A.2d at 860.

Order vacated. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2019