684 A.2d 1073

**COMMONWEALTH of Pennsylvania**

**v.**

**Spencer DOBSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 19, 1996.

Filed Oct. 22, 1996.

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, J., CERCONE, President Judge Emeritus, and HESTER, J.

HESTER, Judge:

Appellant, Spencer Dobson, appeals from the trial court's partial denial of his petition to expunge his arrest record. We affirm.

On May 24, 1995, appellant, who is incarcerated, filed a *pro se* petition to expunge his arrest record in the Philadelphia Court of Common Pleas. Following a hearing on November 16, 1995, at which appellant testified, the common pleas court granted the petition in part and denied it in part. Appellant appeals that decision, arguing that the trial court abused its discretion in not granting the petition in its entirety. We disagree.

Appellant was arrested at least ten times between 1969 and 1988. He sought expungement of all of his arrest records except for the specific charges on which he had been convicted. At the time of the hearing, appellant was incarcerated pursuant to an aggregate term of nine years and three months to twenty-six years and six months. This sentence was the result of a 1988 arrest and subsequent conviction of aggravated assault, simple assault, criminal trespass, contempt for violation of a protection from abuse order, and escape from custody. He is still serving those sentences. Notes of testimony ("N.T."), 11/16/95, at 4–6.

On appeal, appellant challenges the denial of his petition relating to (1) arrests resulting in convictions on some, but not all of the charges, and (2) arrests which included weapons charges which resulted in acquittals or dismissals. Arrests

resulting in total acquittals or dismissals which did not include weapons charges were ordered expunged.[1]

At the hearing, the specific harm appellant testified he suffered from maintenance of his arrest record was that due to prison policy: (1) he was denied a job in the prison library where two women were employed, based on his arrest for rape which did not result in conviction; and (2) he was rejected for a job in the correctional industries based on his arrests for arson and risking a catastrophe. *Id.* at 9–11.

██ As noted above, the trial court granted in part and denied in part the petition to expunge. Its rationale follows:

First and foremost, this Court granted appellant expungement of the arrest from which his rape charge stemmed (C.P. No.: 80–06–1301) thus removing the barrier which prevented appellant from obtaining a job in the prison library. As for the arrest under which appellant was charged with arson and eventually found not guilty (C.P. No.: 88–01–0688) this Court is powerless to grant expungement because there are other charges stemming from the same arrest for which appellant was convicted. *See* appellant's criminal extract attached. Therefore this Court can not rightfully order the expungement of all information pertaining to appellant's arson charge because such information also serves as information for charges under which appellant was convicted. Since a conviction did result from the aforesaid arrest, any right to expungement must be found in section 9122(b)(1) of 18 Pa.C.S.A. § 9122, which reads as follows.

(b) **Generally**—Criminal history record information may be expunged when:

1. "We would make short shrift of the 'validity' of the trial court's expungement [grant], were it before us." *Commonwealth v. Restauri,* 444 Pa.Super. 593, 599 n. 5, 664 A.2d 593, 596 n. 5 (1995). In light of appellant's extensive record, and the nature of his allegation of prejudice relating, as it does, to his life *in prison,* we would conclude that appellant was not entitled to any expungement. The Commonwealth's argument in this vein is curious in light of its unfortunate failure to appeal that portion of the order granting expungement.

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or

(2) An individual who is the subject of the information has been dead for three years.

*Id.* Appellant does not fall within either enumerated section as he is not seventy years of age or older, has not been free of arrest of prosecution for ten years ... nor has he been dead for three years. Thus this Court's denial of his petition to expunge as it relates to the arrest record from which the arson charge stemmed was indeed proper.

As to the three remaining charges, C.P. No.: 75–10–1651 (not guilty), C.P. No.: 75–05–0852 (discharged) and C.P. No.: 77–01–2025 (not guilty), this Court denied appellant's request for expungement because each charge involved the allegation of possession of an instrument of crime (PIC). In fact, appellant was charged with PIC in seven out of ten of the charges which he seeks to have expunged.

. . . .

Without delving into the underlying facts leading to appellant's arrests, it is obvious that appellant has had many contacts with the justice system. It is just as obvious, assuming each of the facts as alleged in the petition to be true, appellant's harm and/or embarrassment can not be directly traced to the arrest record now sought to be expunged. There exists a myriad number of other reasons appellant is suffering harm or embarrassment, not the least of which is his record of conviction. This is so in light of the extensive record of convictions that will follow appellant, notwithstanding final disposition of the matter herein. While this Court conducted no specific analysis of each of appellant's cases, the sheer number and similarity of charges convince this Court of the necessity of maintaining the remaining arrest records in their entirety.

Trial court opinion, 3/20/96, at 5–7 (footnote omitted).

We note without reservation our concurrence with the trial court's conclusion that expungement must be denied where

appellant had been convicted on some of the charges but acquitted on other lesser or related charges arising out of the same incident except as provided in 18 Pa.C.S. § 9122. The trial court stated:

> As it relates to the four arrests that led to convictions, notwithstanding the fact there may have been lesser charges for which there was a not guilty, any arrest resulting in a conviction will not be expunged. I will not go into a particular incident and parcel out charges. There will be no expungement as to the four resulting in a conviction.

Notes of Testimony ("N.T."), 11/16/95, at 21. Pennsylvania has strictly regulated expungement of records of convicted persons. 18 Pa.C.S. § 9122; *Commonwealth v. D.M.*, 444 Pa.Super. 299, 663 A.2d 792 (1995), *petition for allowance of appeal granted*, 543 Pa. 709, 672 A.2d 304 (1996). When a defendant is tried and convicted, expungement is permissible only if: (1) the defendant has reached seventy years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or (2) the defendant has been dead for three years. 18 Pa.C.S. § 9122(b). Appellant does not fall within either exception.

Expungement, as it relates to individuals arrested and charged, but not convicted, is chiefly a matter of judicial decision. *Commonwealth v. D.M. supra.* If a suspect is not convicted, he may petition the court for an order granting expungement, but the petition will not be granted automatically. Rather, while the Commonwealth bears the ultimate burden of justifying retention of the arrest record, the court must balance the Commonwealth's interest in preserving the arrest record against the harm that maintaining the record would cause the individual. *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981). We review the decision of the trial court for an abuse of discretion. *Id.; Commonwealth v. Blaiklock*, 291 Pa.Super. 497, 436 A.2d 226 (1981).

Having concluded that the trial court did not abuse its discretion in denying expungement for arrests resulting in convictions on some, but not all of the charges, we now

consider the court's denial of expungement relating to arrests resulting in total acquittals or dismissals which included weapons charges. As noted *supra*, regarding these arrests, the trial court stated that it denied expungement because seven out of ten of the matters which appellant sought to have expunged included charges for possession of instruments of crime. In support, the court stated:

> The Commonwealth's primary stated purpose for retaining appellant's record is the need to maintain information tending to establish *modus operandi*. A cursory review of the charges involved reveals three general categories of offense—assault (both aggravated and simple), burglary/robbery and weapons violations. Further these charges span a period of approximately twenty years. All these factors tend to mitigate against expungement, in light of the Commonwealth's articulated need to maintain the record for future law enforcement investigation of similar conduct. While maintaining the record will not prevent or inhibit future criminal conduct, it surely would be a useful tool to law enforcement in ferreting out criminal conduct. In fact, such investigations may well result in appellant's exclusion as a suspect, where similar *modus operandi* is not present.

Trial court opinion, 3/20/96, at 6.

We cannot say the trial court abused its discretion in denying expungement as to the charges of possession of instruments of crime, numerous as they are. As the Commonwealth points out, "This is not the prototypical expungement case where the petitioner seeks to erase an isolated incident from an otherwise unblemished life." Commonwealth brief at 9–10 (footnote omitted). Presumably, expungement exists to correct the harm which may arise from an uncharacteristic act, not as a selective white-washing measure for those who have spent their lives committing crimes. As the Commonwealth persuasively asserts:

> [T]his defendant merely seeks to prune certain inconvenient arrests from what has been virtually an adult lifetime's criminality. This criminal lifestyle often involved the possession of an instrument of crime or other weapons. Fur-

ther, other crimes with which he was charged—burglary, robbery and aggravated assault, in particular—have the potential for, and have sometimes resulted in, violence against other persons. Thus, defendant's quarter-century long familiarity with violence establishes ample reason to retain the remainder of his record, for the inevitable day when he is released. [*Commonwealth v.*] *Butler,* [448 Pa.Super. 582,] 672 A.2d [806], ... 809 [ (1996) ] (the Commonwealth has substantial interest in maintaining an arrest record that demonstrates a "specific pattern of violent behavior").

Commonwealth brief at 10.

█ Finally, and most importantly, in determining whether justice requires expungement, in each particular case where the arrest did not result in conviction, the court is to balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving it. *Commonwealth v. Wexler, supra.* We noted above the Commonwealth's assertion of need to maintain the arrest record and the trial court's rationale in accepting it. In comparing this reason to appellant's alleged harm flowing from maintenance of the record, we are compelled to concur with the denial of expungement. Bias as to job placement within the prison setting is not the type of harm sought to be precluded by expungement, and the Commonwealth's reason for desiring to maintain the record outweighs the specific consequences asserted by appellant for seeking expungement. *See Commonwealth v. Cohen,* 395 Pa.Super. 536, 577 A.2d 920 (1990) (Commonwealth's reason for desiring to maintain record outweighs alleged harm asserted by the appellant). Moreover, in this particular case, the trial court *granted* expungement in one of the two matters alleged by appellant to be the source of the harm flowing from maintenance of his record, and was powerless to grant the other. Appellant was given more relief than he was entitled to receive.

Order affirmed.