**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**John WOLF, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 9, 1997.

Filed Dec. 4, 1997.

Garrett A. Taylor, Asst. Dist. Atty., Erie, for the Com., appellant.

Before TAMILIA, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

Appellee pleaded guilty to driving while under the influence of alcohol,[1] meeting a vehicle proceeding in the opposite direction[2] and minor in possession of an intoxicating beverage.[3] On August 8, 1988, he was sentenced to forty-eight hours incarceration and ordered to pay a fine, plus costs. Appellee complied fully with his sentence and he was discharged with regard thereto. On January 3, 1997, he filed a petition to expunge his criminal record. The trial court granted the petition. Following the denial of the Commonwealth's petition for reconsideration and rescission of the expungement order, the Commonwealth filed this timely appeal. We reverse.

The Criminal History Record Information Act, 18 Pa.C.S.A. § 9101 *et seq.*, specifically Section 9122(b), authorizes expungement in the following circumstance:

> (b) GENERALLY.-Criminal history record information may be expunged when:
>
> (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or
>
> (2) An individual who is the subject of the information has been dead for three years.

18 Pa.C.S.A. § 9122(b)(1), (2). Clearly, appellee does not meet the requirements for expungement under Section 9122(b). He has not reached the age of 70 and he has not been dead for three years.

However, this does not end our inquiry. In this case, the trial court did not rely on Section 9122(b) in granting appellee's petition. Rather, the trial court determined that it was permitted to expunge appellee's record, which consisted of convictions only, pursuant to its common law equitable powers. Specifically, the trial court stated that it would be inequitable and an abuse of the court's discretion not to grant appellee's petition since:

> [T]he defendant's conviction was a result of an uncounseled entry of a guilty plea. Although he was aware of his right to counsel and voluntarily waived that right, it appears to [this court] that the defendant may well have qualified for the Accelerated Rehabilitative Disposition Program (ARD) given the facts of this case. Had he availed himself of that remedy, he would have avoided conviction.

Trial Court Opinion 3/4/97 pp. 2–3.

"Pennsylvania has strictly regulated expungement of records of convicted persons."

---

1. 75 Pa.C.S.A. § 3731.

2. 75 Pa.C.S.A. § 3302.

3. 18 Pa.C.S.A. § 6308.

*Commonwealth v. Dobson,* 454 Pa.Super. 101, 684 A.2d 1073, 1076 (1996). As we stated in *Dobson, supra,* expungement of convictions is permitted *only if* the requirements found in Section 9122 have been met. We expressly disagree with the trial court's conclusion that it was permitted to expunge appellee's record on the basis of its common law equitable powers. We have held repeatedly that there is no common law basis for a trial court to grant a petition seeking to expunge a criminal conviction. *Commonwealth v. Cook,* 359 Pa.Super. 216, 518 A.2d 858 (1986); *Commonwealth v. Magdon,* 310 Pa.Super. 84, 456 A.2d 194 (1983); *Common-wealth v. Zimmerman,* 215 Pa.Super. 534, 258 A.2d 695 (1969). Accordingly, since the trial court acted without a statutory or common law basis, the order authorizing expungement of appellee's record must be reversed.[4]

Order reversed.

---

**4.** The trial court correctly concluded that it would have been proper to expunge appellee's record if he would have accepted and completed an ARD program. *Commonwealth v. Armstrong,* 495 Pa. 506, 434 A.2d 1205 (1981). However, appellee voluntarily chose to plead guilty and he did not accept an ARD program. Accordingly, the special legislative policy permitting expungement in ARD cases is inapplicable. As discussed previously, the fact that the trial court believed that it was inequitable to deny expungement since appellee could have accepted an ARD program does not provide a basis for granting the petition.