**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Peter MAXWELL, Appellant.**

Superior Court of Pennsylvania.

Argued April 27, 1999.

Filed Aug. 16, 1999.

Michael Yanoff, Landsdale, for appellant.

Adrienne Duvall, Asst. Dist. Atty., Norristown, for Com., appellee.

Before DEL SOLE, MONTEMURO [1] and BECK, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal from a trial court order denying Appellant's Petition to Expunge. We reverse and remand.

¶ 2 Appellant was arrested and charged with rape, sexual assault, aggravated indecent assault and indecent assault in relation to his assault of a fellow student in her dormitory room. Pursuant to a plea agreement Appellant pled guilty to simple assault and indecent exposure. The remaining charges were *nolle prossed.*

1. Retired Justice assigned to the Superior Court.

Thereafter Appellant filed a petition to expunge his record of the charges that were *nolle prossed.* The trial court denied this request prompting the filing of this appeal.

¶ 3 In considering Appellant's expungement petition the trial court recognized that there is a distinction provided in the law between situations where charges have resulted in a conviction, and where the charges did not result in a conviction. In matters which have resulted in a conviction, 18 Pa.C.S.A. § 9122(b)(1) directs that expungement may occur only where the "subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years" or where that individual "has been dead for three years." However, where a suspect was charged but not convicted and the court is presented with a petition to expunge, the Commonwealth bears the burden of justifying retention of the arrest record. *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981). The trial court concluded the higher standard applicable to those convicted of the charges would apply in this case since Appellant's arrests had resulted in a related conviction. The court stated: "a conviction and the charges it stems from are Siamese twins which cannot survive a separation. A partial expungement would render the remaining record devoid of meaning." Trial court opinion 12/29/98 at 4.

¶ 4 In support of its ruling the trial court relied on *Commonwealth v. Dobson,* 454 Pa.Super. 101, 684 A.2d 1073 (1996), a case in which the appellant sought to expunge arrests which resulted in convictions on some, but not all of the charges. Specifically, the court considered the request for expungement of an arson charge for which the appellant was eventually found not guilty. The trial court refused the request for expungement and this court affirmed. We stated that "expungement must be denied where appellant had been convicted on some of the charges but acquitted on other lesser or related charges

arising out of the same incident except as provided in 18 Pa.C.S. § 9122." *Id.* at 1075. The trial court in this case relied upon the *Dobson* ruling to conclude that Appellant was not entitled to expungement on the *nolle prossed* charges because he was convicted of related charges concerning the same incident.

¶ 5 The trial court did not, however, recognize that following the decision in *Dobson,* our Supreme Court in *Commonwealth v. D.M.,* 548 Pa. 131, 695 A.2d 770 (1997) held that a petitioner seeking expungement in a case which resulted in an acquittal is automatically entitled to expungement of his arrest record. Thus, the ruling in *Dobson,* in relation to the arson charges for which the appellant was found not guilty, is no longer valid. Further in *D.M.,* the court reiterated the standard long applied to those who seek expungement of matters which are terminated without conviction. In instances of arrests which are terminated by means of *nolle pros* or ARD, *D.M.* instructs that courts are to engage in a balancing test as outlined in *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981), and *Commonwealth v. Iacino,* 270 Pa.Super. 350, 411 A.2d 754 (1979). *D.M.,* 695 A.2d at 772. That test requires the Commonwealth to bear the burden of affirmatively justifying why the arrest record should not be expunged. *Wexler,* 431 A.2d at 880.

¶ 6 This court recognized the applicability of the expungement test and the Commonwealth's burden in a case similar to that presented before us in *In the Matter of Pflaum,* 305 Pa.Super. 600, 451 A.2d 1038 (1982). Therein the appellant was charged with burglary, criminal trespass, theft and disorderly conduct. The appellant pled guilty to only the disorderly conduct charge and the others were dropped. When presented with a petition to expunge the court refused. The trial court found that the guilty pleas to the lesser charge demonstrated some culpability on the defendant's part in relation to the other charges. The trial court ruled that the

plea of guilt caused the burden to shift to the defendant to show non-culpability and a right to be free from harm ancillary to the arrest record which would exceed the Commonwealth's interest in maintaining the arrest records. This court reversed and ordered the lower court to grant the expungement. We specifically rejected the trial court's conclusion that a guilty plea to a lesser charge necessary implies a defendant's guilt to other charges that have been dropped. We further stated: "Nor do we agree with the lower court that the burden of proof on non-culpability shifted to appellant. The burden rested with the Commonwealth to introduce 'compelling evidence to justify retention of such information.'" *Id.* at 1040–1041 (citing *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584, 589 (1976)).

¶ 7 Individuals have the right, as an adjunct to due process, to seek expungement of their criminal records which can be effectuated through a hearing. In *Pflaum* we stated: .

> Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, an individual must be afforded a hearing to present his claim that he is entitled to an expungement – that is, because an innocent individual has a right to be free from unwarranted punishment, a court has the authority to remedy the denial of that right by ordering expungement of the arrest record.

*Pflaum*, 451 A.2d at 1040 (citing *Malone*, 366 A.2d at 588).

¶ 8 In this case in support of his request for expungement Appellant alleged in his petition that he is 19 years old, a college student, and that he had never been arrested prior to this incident. He further alleged that maintenance of the record would be harmful to his reputation and likely to interfere with his earnings and livelihood. While the Commonwealth set forth a general denial of these allegations it is incumbent upon it to prove at a hearing compelling justification to retain record information of these charges which did not result in a conviction.

¶ 9 Thus, because the trial court incorrectly concluded that it was without the authority to grant Appellant's request for expungement of charges which were *nolle prossed* we remand this matter to the trial court for reconsideration of Appellant's request.

¶ 10 Order reversed. Case remanded. Jurisdiction relinquished.