COMMONWEALTH of Pennsylvania,
Appellant,

v.

Jessica WOLFE, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 7, 2000.
Filed March 20, 2000.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Charles L. Holsworth, Pittsburgh, for appellee.

Before McEWEN, President Judge, and POPOVICH and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the trial court's Order of August 12, 1999 granting appellee, Jessica Wolfe's, petition for expungement of both her conviction and non-conviction records. The Commonwealth contends the trial court erred in granting the petition on both regards.

¶ 2 Appellee was charged on October 21, 1996 with one count each of unsworn falsifications to authorities,[1] false reports to

1. 18 Pa.C.S.A. § 4904(a)(1).

law enforcement authorities [2] and disorderly conduct.[3] All three offenses occurred on October 15, 1996, but the circumstances leading up to the filing of the charges are not known. The first two charges, both second degree misdemeanors, were ultimately withdrawn. Appellee pled nolo contendere to the remaining charge of disorderly conduct, a summary offense.[4] She was fined and sentenced to perform community service. Approximately two and one-half years later, appellee filed a petition to expunge both her conviction and non-conviction records. Following a hearing on August 12, 1999, the trial court granted the petition and ordered the records expunged. Following the Commonwealth's request, the matters were stayed pending the instant appeal.

¶ 3 We begin by noting that the law provides a distinction between situations where the charges have and have not resulted in a conviction. *Commonwealth v. Maxwell*, 737 A.2d 1243 (Pa.Super.1999). In matters which have resulted in a conviction, expungement may occur only where 1) the subject of the information reaches the age of seventy and has been free from arrest or prosecution for ten years or 2) where the individual has been dead for three years. Criminal History Record Information Act, 18 Pa.C.S.A. § 9122, **Expungement** (b). Where a suspect was charged but not convicted, however, the courts are to engage in a balancing test as outlined in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981).

¶ 4 The Commonwealth first argues the trial court erred by ordering the expunction of appellee's conviction record.

The Commonwealth asserts appellee does not meet the criteria set forth at Section 9122 in that she is still living and does not claim to be over 70 years old. At the hearing, the distinguished trial judge conceded as much but stated "I find no statutory authority to expunge the record, but it would seem to me that the Court can in the interest of justice create a second judicial exception and permit expungement in these cases. So I will grant the expungement." (H.T., 8/12/99, at 9.) The court further conceded that it was attempting to impose equitable relief not previously recognized by the Supreme Court and that it expected to be reversed in the event that the Commonwealth were to appeal. *Id.* at 10–11.[5] While recognizing that equity may not be the proper remedy for uneven legislation, the court found that a change in the law will hardly help the appellee in time to advance her career. (Trial Court Opinion, Novak, J., 11/9/99, at 7.) The court further noted that if appellee "had pled guilty to one of the more serious charges and entered the ARD program, she would be entitled to expungement." *Id.* at 6;[6] *see Commonwealth v. Armstrong*, 495 Pa. 506, 434 A.2d 1205 (1981). As appellee voluntarily chose to plead guilty to the summary offense, however, the special legislative policy permitting expungement in ARD cases is inapplicable. *See Commonwealth v. Wolf*, 704 A.2d 156 (Pa.Super.1997) (the fact that the trial court believed it was inequitable to deny expungement since defendant could have accepted ARD program does not provide a basis for granting the petition). Accordingly, since the trial

**2.** *Id.*, § 4906(a).

**3.** *Id.*, § 5503(a)(4).

**4.** "An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense." 18 Pa.C.S.A. § 5503(b), **Grading**.

**5.** The trial court stated "Okay. I can only do what I can do. I feel that if the Supreme Court is prepared to recognize equitable power in the Court to act in this limited situation, fine. If not, fine." (H.T., 8/12/99, at 11.)

**6.** The trial court's statement is erroneous in that one cannot simply "enter" the ARD program. One must be accepted into the program and acceptance is at the sole discretion of the district attorney's office.

court acted without a statutory basis, the Order authorizing the expungement of appellee's conviction record must be reversed. We are aware of no authority which permits a judge in this situation to exercise equitable powers or the inherent powers of the court to extend a statutory provision beyond its explicit limits. Except for specific statutory authority to expunge a record of conviction, none exists other than the right to pardon granted to the Governor by the constitution.

¶ 5 The Commonwealth also argues the trial court erred by authorizing the expungement of appellee's non-conviction record. It is well established that in cases where the arrest did not result in a conviction, the court is free to balance the individual's right to be free from the harm attendant to the maintenance of the arrest record against the Commonwealth's interest in preserving it. *Wexler* at 329, 431 A.2d at 879. The Commonwealth bears the ultimate burden of justifying the retention of the arrest record. *Id.* at 331, 431 A.2d at 880. We review the decision of the trial court for an abuse of discretion. *Commonwealth v. Blaiklock*, 291 Pa.Super. 497, 436 A.2d 226 (1981).

¶ 6 Despite the fact that no testimony was offered at the hearing and counsel merely stated their respective legal positions, the trial court found the following facts: appellee was 19 years old when she pled no contest to the single summary offense of disorderly conduct; she completed her sentence of community service; and she subsequently completed nursing school and is about to apply for her nursing license. (Trial Court Opinion, 11/9/99, at 5 and 6.) The trial court then concluded, "the record amply supports the court's finding that her interest in expunging her record of arrest for the charges which were withdrawn far outweighs the Commonwealth's interest in maintaining it." *Id.* at 5. The Commonwealth contends the trial court exercised its discretion on a less than complete record. We agree, however, that does not necessarily mean the trial court abused its discretion.

¶ 7 As previously stated, the Commonwealth bears the burden of justifying the retention of non-conviction records, yet the Commonwealth did not advance any reason at the expungement hearing why appellee's arrest records should be retained. The Commonwealth asserts that a remand would be appropriate to enable it to present such reasons in light of this Court's decision in *Maxwell, supra.*[7] It is important to note that this Court's decision in *Maxwell* did not overturn the decision in *Commonwealth v. Dobson*, 454 Pa.Super. 101, 684 A.2d 1073 (1996). The Commonwealth relied on this Court's decision in *Dobson* for the proposition that expungement must be denied when the defendant had been convicted of some of the charges but acquitted on other lesser or related charges arising out of the same incident except as provided in 18 Pa.C.S.A. § 9122. Essentially, it argued the trial court lacked the power to order partial expungement where the defendant has been convicted of some charges but not of others. The facts in this case are distinguishable as the appellee was not tried and acquitted on the non-conviction charges but rather the charges were withdrawn. The distinction is important because withdrawn charges imply a lack of merit or the consolidation of charges whereas an acquittal implicates a *prima facie* case wherein the jury or fact finder, for unknown reasons, mitigated or diminished the charges by acquittal, without necessarily finding the acts were not committed, did not merit prosecution, or that the defendant was innocent.

¶ 8 In *Maxwell*, the matter was remanded because the trial court had failed to conduct an expungement hearing based on its incorrect conclusion that it was without

---

7. *Commonwealth v. Maxwell*, 737 A.2d 1243 (Pa.Super.1999), was decided four days after the expungement hearing in the instant case.

**510**

the authority to grant the request for expungement of charges which were nolle prossed. *Id.*, 737 A.2d at 1245. In the instant case, there was a hearing and the trial court correctly concluded that it did have the authority to grant the request for expungement. The Commonwealth had the opportunity but failed to present compelling justification to retain appellee's non-conviction records. The trial court did not abuse its discretion simply because the Commonwealth mistakenly believed the court was without the authority to grant the requested relief. Thus, the trial court did not err by granting the expungement of appellee's non-conviction record.

¶ 9 Accordingly, the Order is affirmed in so far as it grants appellee's request to have her arrest records expunged for the two charges that were ultimately dismissed; the order is vacated in as much as it grants appellee's request to have her conviction expunged.

¶ 10 Order affirmed in part and vacated in part.

¶ 11 Jurisdiction relinquished.