COMMONWEALTH OF
PENNSYLVANIA,
Appellant,

v.

**Mary Celeste WHITEFORD, Appellee.**

Superior Court of Pennsylvania.

Argued April 4, 2001.

Filed Nov. 13, 2001.

Sally K. Kaye, Assistant District Attorney, Pittsburgh, for Com.

David J. Humphreys, Pittsburgh, for appellee.

Before DEL SOLE, P.J., EAKIN and BROSKY, JJ.

EAKIN, J.:

¶ 1 This is an appeal by the Commonwealth from an order granting appellee's petition for expungement of the records of her convictions for disorderly conduct.

¶ 2 Appellee was arrested July 17, 1993, and charged with several misdemeanors. At the district justice office, the prosecution withdrew the misdemeanor charges and appellee pled guilty to two summary counts of disorderly conduct. No penalty was imposed. Appellee has now petitioned the court of common pleas to expunge the records pertaining to the misdemeanor and summary convictions. The trial court granted the petition and ordered expungement of all records of the misdemeanors, and of the disorderly conduct convictions except the district justice's records.

¶ 3 The Commonwealth filed this appeal in which it asserts the trial court erred by granting expungement of the disorderly conduct convictions; the Commonwealth does not object to the expungement of the misdemeanor charges, but argues expungement of the disorderly conduct convictions violates 18 Pa.C.S. § 9122.[1]

¶ 4 There is a distinction between "conviction data" and "non-conviction data," for purposes of expungement. For the latter, a balancing test is used. "Expungement, as it relates to individuals arrested and charged, but not convicted, is chiefly a matter of judicial decision.... [I]n determining whether justice requires expungement, in each particular case where the arrest did not result in conviction, the court is to balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving it." *Commonwealth v. Dobson,* 454 Pa.Super. 101, 684 A.2d, 1073, 1077 (1996) (citation omitted).

¶ 5 The present appeal deals with *conviction* data. In *Commonwealth v. Wolfe,* 749 A.2d 507 (Pa.Super.2000), a similar situation was before the court, in that misdemeanors were withdrawn and appellant pled to a summary offense. We found the trial court did not abuse its discretion by expunging the withdrawn misdemeanor charges. However, we specifically reversed the expungement of the conviction data for the summary convictions. We find the same error here.

---

1. Section 9122(b) states criminal records may be expunged when:
   (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or
   (2) An individual who is the subject of the information has been dead for three years.
   18 Pa.C.S. § 9122(b).

¶ 6 The learned trial court, as did the court in *Wolfe*, made the conclusion appellee was "incorrectly" charged with misdemeanor offenses, which is deemed to render all consequences beyond the issuance of a summary citation inappropriate or unfair. The flaw in this is the assumption that reduction bespeaks overcharging in the first place. The reasons behind the ultimate withdrawal and plea we do not know, but the reduction of a charge in return for a plea does not mean the greater charge was incorrect or otherwise unsupported. It is just as logical to conclude appellee got a break by the reduction as it is to assume she was penalized by being overcharged.

¶ 7 Pleas before district justices and trial courts alike often involve compromise, and settlement of a minor case is to be encouraged. There is no suggestion in the record that this was a dismissal for want of evidence, or for impropriety in the initial charges; this plea was a negotiated settlement between defense and prosecution, made "on advice of counsel." To allow expungement in the present circumstance will discourage such settlements, for law enforcement may not agree to reductions if all records of the case are subject to eradication.

¶ 8 Accordingly, the trial court lacked authority to expunge the disorderly conduct conviction data appropriately maintained beyond the district justice office. Conviction records may be expunged only if the requirements of § 9122 are met. *Commonwealth v. Wolf*, 704 A.2d 156, 157 (Pa.Super.1997). As the record does not indicate appellee is 70 years of age or dead, those requirements are not met.

¶ 9 Appellee is undoubtedly a fine person, but so are thousands of other persons embarrassed by past acts. Despite the efforts of appellee and the learned trial judge to delineate the perceived equities, equitable expungement of conviction data, however well-intentioned, is not the law of Pennsylvania. The statute does not allow the order entered here, and finding no basis to allow the extra-statutory expungement, we are constrained to reverse the order erasing data about the disorderly conduct convictions. Whether kept at the district justice office or elsewhere, such data is not subject to expungement.

¶ 10 Order reversed.