J-S10021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS PAUL HUNSBERGER | |
| Appellant | No. 2201 EDA 2014 |

Appeal from the Order dated July 11, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-48-CR-0003235-1986

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 27, 2015**

Appellant Thomas Paul Hunsberger *pro se* appeals from the July 11, 2014 order of the Court of Common Pleas of Montgomery County (trial court), which denied his petition for expungement.  Upon review, we affirm.

The facts underlying this case are undisputed.  As summarized by the trial court:

> On July 28, 1986, Lower Merion Township Police Officer Francis J. Donato filed a criminal complaint against [Appellant] charging him with [c]riminal [t]respass-[d]efiant [t]respasser (M3)[, 18 Pa.C.S.A. § 3503(b)(1)(i)]; [d]isorderly [c]onduct (M3)[, 18 Pa.C.S.A. § 5503(a)(1)(2)(3)(4)]; and [h]arassment (S)[, 18 Pa.C.S.A. § 2709(a)(1)(2)(3)].  The charges arose from the complaint of George Fusaro.  Mr. Fusaro called the Lower Merion Township Police to report that [Appellant] was again on his property, after he had been asked to leave several times, yelling obscenities and threatening to kill Mr. Fusaro and refusing to leave the property.  Mr. Fusaro reported that for at least three months, [Appellant] had been harassing him and his family.  On

---

[*] Retired Senior Judge assigned to the Superior Court.

November 13, 1986, [Appellant], represented by Carolyn Tornetta Carluccio, Esquire[, now a judge at the trial court], entered a negotiated guilty plea to the charge of [c]riminal [t]respass-[d]efiant [t]respasser, before the Honorable Horace A. Davonport. [Appellant] was sentenced to be placed on one (1) year probation. No fine or costs were imposed. As a condition of probation, [Appellant] was to attend out-patient psychiatric treatment. As part of the plea agreement, the remaining charges were *nolle prossed* by the [Montgomery County] District Attorney.

Trial Court Rule 1925(a) Opinion, 8/22/14, at 2 (footnotes omitted).

On July 5, 2013, under Pa.R.Crim.P. 790, Appellant petitioned the trial court for expungement of his 1986 conviction for criminal trespass as well as the *nolle prossed* charges for disorderly conduct and harassment. Following a hearing, on July 16, 2014, the trial court entered an order denying Appellant's petition for expungement. Appellant timely appealed to this Court.

Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, challenging the trial court's denial of his petition for expungement. On August 22, 2014, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that it denied Appellant's expungement petition because Appellant failed to satisfy the requirements of Section 9122 of the Criminal History Record Information Act (Act), 18 Pa.C.S.A. § 9122.[1]

_____

[1] Section 9122 of the Act provides in pertinent part:

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

*(Footnote Continued Next Page)*

On appeal, Appellant argues only that the trial court abused its discretion in denying his petition for expungement with respect to his 1986 conviction for criminal trespass.[2]  We disagree.

We observe at the outset that, because Appellant's issues involve a petition for expungement, they are not cognizable under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9545-46.  Thus, because no remedy is available to Appellant under the PCRA, his expungement petition cannot be construed as a PCRA petition.  *See Commonwealth v. Lutz*, 788 A.2d 993, 995-96 n.7 (Pa. Super. 2001) (citations omitted) (holding the appellant's

_____
*(Footnote Continued)*

> (2) An individual who is the subject of the information has been dead for three years.
>
> > (3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.
> >
> > (ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122(b).

[2] To the extent Appellant here seeks to challenge the **1986 conviction** for criminal trespass because of sufficiency of the evidence, we decline to address such challenge because the time for challenging the conviction has long lapsed.  Even if the time had not lapsed, we still would decline to address any challenges to the 1986 conviction because a defendant who pleads guilty, as Appellant did here, waives all claims except lack of jurisdiction, validity of the plea, and legality of the sentence. *Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006).

Appellant does not challenge the trial court's denial of his petition for expungement with respect to the *nolle prossed* charges of disorderly conduct or harassment.

motion for expungement cannot be considered as a PCRA petition). Accordingly, Appellant's underlying expungement petition and the instant appeal from the order denying the petition are not subject to the eligibility requirements or time constraints of the PCRA, and thus there is no impediment to our review. *Id.*

Addressing the law regarding expungement of criminal records generally, our Supreme Court has explained:

> There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. *Carlacci v. Mazaleski*, [] 798 A.2d 186, 188 ([Pa.] 2002). The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion. *Commonwealth v. Waughtel*, 999 A.2d 623, 624–25 (Pa. Super. 2010); *Commonwealth v. A.M.R.*, 887 A.2d 1266, 1268 (Pa. Super. 2005).
>
> Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. When an individual **has been convicted** of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute. 18 Pa.C.S. § 9122; *Hunt v. Pennsylvania State Police*, [] 983 A.2d 627, 633 ([Pa.] 2009). When a petitioner has been tried and acquitted of the offenses charged, we have held that the petitioner is "automatically entitled to the expungement of his arrest record." *Commonwealth v. D.M.*, [] 695 A.2d 770, 772–73 ([Pa.] 1997). When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." *Commonwealth v. Wexler*, 431 A.2d 877, 879 (Pa. 1981); *D.M.*, *supra* at 772 ("We reiterate the authority of *Wexler* and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.").
>
> To aid courts in applying the balancing test for expungement, we also adopted in *Wexler* the following non-exhaustive list of factors that the court should consider:

> These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.

*Wexler*, *supra* at 879 (citation omitted).

> We have emphasized that in applying the balancing test and considering the above factors, the court must analyze the particular, specific facts of the case before it. *Id.* at 880–81. The mere assertion by the Commonwealth of a general interest in maintaining accurate records of those accused of a crime does not outweigh an individual's specific, substantial interest in clearing his or her record. *Id.* at 881–82.

> In addition, *Wexler* explicitly placed the burden of proof on the Commonwealth.

*Commonwealth v. Moto*, 23 A.3d 989, 993-94 (Pa. 2011) (emphasis added).

Instantly, with respect Appellant's 1986 conviction for criminal trespass, expungement is governed by Section 9122 of the Act. *See Commonwealth v. Whiteford*, 786 A.2d 286, 288 (Pa. Super. 2001) ("Conviction records may be expunged only if the requirements of Section 9122 are met."). As noted earlier, Section 9122 provides in relevant part that "[c]riminal history record information may be expunged when . . . an individual who is the subject of the information reaches **70 years of age** and has been free of arrest or prosecution for ten years following final release from confinement or supervision." 18 Pa.C.S.A. § 9122(b)(1) (emphasis added).

Here, the trial court found Appellant has not yet reached the age of 70. *See* Trial Court Rule 1925(a) Opinion, 8/22/14, at 1 ("[Appellant] is

now [52] years old, not [70]; and he is not dead.").[3]  As a result, we must agree with the trial court's conclusion that under Section 9122, Appellant has not met the preliminary statutory qualification for consideration of expungement by the trial court.  We, therefore, conclude the trial court did not abuse its discretion in denying Appellant's petition for expungement with respect to his 1986 conviction for criminal trespass.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/2015

_____

[3] We observe Section 9122(b)(3) is inapplicable here because the offense of criminal trespass was graded as a third-degree misdemeanor (M3), *i.e.*, not as a summary offense.