J-A01001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK NELLOM | |
| Appellant | No. 1529 EDA 2014 |

Appeal from the Order Dated April 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0412681-1987

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:            **FILED FEBRUARY 05, 2016**

Appellant Frank Nellom files this *pro se* appeal from the order of the Court of Common Pleas of Philadelphia County vacating the trial court's previous order granting expungement of Appellant's 1991 rape conviction. After careful review, we affirm.

Appellant was arrested and charged with robbery, rape, and involuntary deviate sexual intercourse (IDSI)[1] in connection with a sexual assault that occurred on March 17, 1987, at a Philadelphia adult boutique. On October 20, 1987, a jury convicted Appellant of robbery but could not reach a verdict on the rape and IDSI charges. The trial court sentenced Appellant to one to four years imprisonment for the robbery charge.

---

[1] 18 Pa.C.S. §§ 3701, 3121, 3123, respectively.

*Former Justice specially assigned to the Superior Court.

After Appellant was granted a retrial on the rape and IDSI charges, a second jury convicted Appellant on both counts on May 10, 2008. Upon appeal, this Court vacated Appellant's judgment of sentence and remanded for a new trial, finding that the trial court abused its discretion in allowing the prosecution to cross-examine one of Appellant's character witnesses as to Appellant's previous conviction for robbery, which arose out of the same incident as the sexual offenses for which he was being tried. *Commonwealth v. Nellom*, 565 A.2d 770 (Pa. Super. 1989).

On March 12, 1991, at the conclusion of Appellant's second retrial, a jury convicted Appellant of rape but acquitted him of the IDSI charge. The trial court sentenced Appellant to six to twenty years imprisonment to run consecutive to his sentence for the robbery conviction. On October 29, 1992, this Court affirmed Appellant's judgment of sentence. The Pennsylvania Supreme Court denied allocatur on August 25, 1993.

On September 3, 1998, Appellant filed a *pro se* PCRA[2] petition challenging the revocation of his parole. The PCRA court appointed counsel, who subsequently filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1993). The PCRA court dismissed Appellant's petition as untimely filed and allowed his counsel to withdraw.

---

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

On February 2, 2014, Appellant filed a *pro se* "Motion for Expungement or Hearing," arguing that his rape conviction should be expunged as he suggested that it was inconsistent for the jury to convict him of rape but acquit him of IDSI. On March 12, 2014, the Honorable Joan A. Brown inadvertently assigned the proposed order that Appellant had submitted, granting expungement of the rape conviction.

On March 27, 2014, the Commonwealth filed a motion for reconsideration arguing the trial court did not have the authority to grant expungement absent extraordinary circumstances as set forth in 18 Pa.C.S. § 9122. On that same day, the trial court entered an order vacating its previous order expunging Appellant's conviction, proporting to reinstate Appellant's criminal history, and scheduling a hearing on the Commonwealth's motion. On April 22, 2014, the trial court held a hearing at which the Commonwealth claimed the defendant's draft of an order proposing expungement had been placed before the trial court under confusing circumstances. Judge Brown indicated that she was unable to recall signing the order and acknowledged that Appellant's rape conviction should not have been expunged. Appellant continued to argue that the jury's decision to acquit him of IDSI somehow required the expungement of the rape conviction. At the conclusion of the hearing, the trial court vacated its order granting Appellant expungement of his rape conviction. This timely appeal followed.

Appellant raises the following issues for our review:

[1] Did this Court's finding the Commonwealth after being unable to obtain convictions on the IDSI and Rape charges following the first trial, then violating the law to obtain convictions on those charges following the second trial, demand both charges be proved again following the third trial, because to rule otherwise shows the Commonwealth being rewarded after violating the law with proving less?

[2] Does the March 12, [2014], order of the trial court establish the Commonwealth having conceded the (Not guilty and guilty verdict) entered in the trial court record violated [**Commonwealth v. Nellom**], 565 A.2d 770 (Pa. Super. 1989), remand Order demanding both charges be proved again beyond a reasonable doubt. Require the guilty of Rape charge entered in the trial court record be Stricken as void on the ground of violating this Court's remand Order?

Appellant's Brief, at 4.

Pennsylvania law has strict requirements for the expungement of records of convicted persons. **Commonwealth v. Wolf**, 704 A.2d 156, 156-57 (Pa. Super. 1997). "When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted, only under very limited circumstances that are set forth by statute." **Commonwealth v. Wallace**, 626 Pa. 362, 375, 97 A.3d 310, 317 (2014) (citation omitted). Section 9122 of the Criminal History Record Information Act authorizes such expungement in the following circumstances:

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3) (i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122.

Appellant does not cite Section 9122 or argue any reason why expungement is proper but offers a rambling, incoherent argument suggesting that he could not be convicted of rape after being acquitted of the IDSI charge. As Appellant offers no pertinent authority or relevant analysis to support his petition for the expungement of his rape conviction, we find Appellant's claim to be waived for lack of development. *Commonwealth v. Kneller*, 999 A.2d 608, 613 (Pa. Super. 2010) (finding waiver of the defendant's claim as its lack of development prevented meaningful review).

Nevertheless, even ignoring Appellant's failure to develop a claim, his contention that his record should be expunged is clearly meritless. Appellant does not meet the statutory requirements for expungement of his rape conviction as he is not seventy years of age, has not been dead for three years, and is not seeking to expunge his record of a conviction for a summary offense. Accordingly, we conclude that the trial court correctly

vacated its previous order granting expungement of Appellant's rape conviction as the trial court had no statutory basis for such expungement.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/2016