J-S12020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAELENE LAFAYE WEAVER | |
| Appellant | No. 1450 MDA 2016 |

Appeal from the Order Entered August 5, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002795-2008

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 15, 2017**

Jaelene Lafaye Weaver appeals from the order of the trial court entered on August 5, 2016, denying her petition for expungement.  On appeal, Weaver claims the trial court erred by (1) denying the expungement petition as to criminal charges that were "withdrawn," without providing a hearing, and (2) denying the expungement petition as to a criminal charge that was "changed," without providing a hearing.  ***See*** Weaver's Brief at 3.  Based upon the following, we affirm in part and vacate in part, and remand for further proceedings consistent with this memorandum.

This appeal has its genesis in an incident that occurred on March 26, 2008, when Pennsylvania State Police were dispatched to the scene of an automobile accident involving Weaver.  Weaver was initially charged with:

Count 1 – 75 Pa.C.S. § 3802(a)(1) – Driving Under the Influence (DUI): General Impairment (Misdemeanor);

Count 2 – 75 Pa.C.S. § 3802(c) – DUI: Highest Rate of Alcohol (BAC .16+) (Misdemeanor);

Count 3 – 75 Pa.C.S. § 3309(1) – Driving on Roadways Laned for Traffic (Summary);

Count 4 – 75 Pa.C.S. § 3361 – Driving Vehicle at Safe Speed (Summary);

Count 5 – 75 Pa.C.S. § 3745(a) – Accidents Involving Damage to Unattended Vehicle or Property (Summary);

Count 6 – 75 Pa.C.S. § 3746(a)(2) – Failure to Notify Police of Accident/Damage to Vehicle (Summary); and

Count 7 – 75 Pa.C.S. § 3714 – Careless Driving (Summary).

**See** Criminal Complaint, 4/14/2008. The Criminal Complaint further reflects that the charges at Counts 4, 5, and 7, are crossed out by a diagonal line with the initialed, undated notation "withdrawn."[1] **Id.**

The Information, filed July 16, 2008, does not include the three "withdrawn" summary charges, and reflects the DUI: Highest Rate of Alcohol charge replaced with the charge graded as a misdemeanor of the first degree, for a second offense. Specifically, the Information reflects the following charges:

Count 1 – 75 Pa.C.S. § 3802(c) – DUI: Highest Amount of Alcohol (Misdemeanor 1)(Second Offense);

Count 2 – 75 Pa.C.S. § 3802(a)(1) – DUI: General Impairment (Misdemeanor);

---

[1] The initials appear to be the initials of the charging Pennsylvania State trooper.

- 2 -

Count 3 – 75 Pa.C.S. § 3309(1) – Driving on Roadways Laned for Traffic (Summary); and

Count 4 – 75 Pa.C.S. § 3746(a)(2) – Failure to Notify Police of Accident/Damage to Vehicle (Summary).

*See* Information, 7/16/2008.

On December 1, 2008, pursuant to a negotiated plea agreement, Weaver pleaded guilty to all charges set forth in the Information. The trial court sentenced Weaver on Count 1 to five years' County Intermediate Punishment with additional DUI-related conditions and fines, Count 2 "merged" with Count 1, and no sentence was imposed on the two remaining counts involving summary offenses.[2]

On July 7, 2016, Weaver filed a Petition for Order Expunging Criminal Charges. In her petition, Weaver sought expungement of the summary charges that had been "withdrawn," and the DUI: Highest Rate charge that had been changed to DUI: Highest Rate charge — second offense. The trial court denied Weaver's petition by order entered August 5, 2016. This timely appeal followed.[3]

It is well settled that "[t]he decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review

---

[2] Weaver's supervision was later modified by the trial court's order to unsupervised, so that Weaver could attend college out of state.

[3] Weaver timely complied with the trial court's order to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).

that court's decision for abuse of discretion." ***Commonwealth v. Moto***, 23 A.3d 989, 993 (Pa. 2011).

If the defendant is convicted of a crime, he is not permitted to expunge his convictions except under the extremely limited circumstances permitted by statute. ***Commonwealth v. Maxwell***, 737 A.2d 1243, 1244 (Pa. Super. 1999), *citing* 18 Pa.C.S. § 9122.[4] At the opposite extreme, our courts recognize that a defendant is generally entitled to automatic expunction of charges for which he or she is acquitted. ***See Commonwealth v. Hanna***, 964 A.2d 923 (Pa. Super. 2009). However, cases pose more difficulty where a defendant is not convicted or acquitted and another disposition has been entered. In such cases, courts must use a balancing test:

> When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records. ***Commonwealth v. Wexler***, 494 Pa. 325, 431 A.2d 877, 879 (Pa. 1981); [***Commonwealth v.***] ***D.M.***, [548 Pa. 131, 695 A.2d 770, 772 (1977)] ("We reiterate the authority of ***Wexler*** and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.").

---

[4] 18 Pa.C.S. § 9122(a) addresses mandatory expungement, and 18 Pa.C.S. § 9122(b) addresses discretionary expungement.

To aid courts in applying the balancing test for expungement, we also adopted in **Wexler** the following non-exhaustive list of factors that the court should consider:

> These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.

**Wexler, supra** at 879 (citation omitted).

We have emphasized that in applying the balancing test and considering the above factors, the court must analyze the particular, specific facts of the case before it. **Id.** at 880-81. The mere assertion by the Commonwealth of a general interest in maintain accurate records of those accused of a crime does not outweigh an individual's specific, substantial interest in clearing his or her record. **Id.** at 881-82.

**Moto, supra**, 23 A.3d at 993-994.

Here, the trial court, in its Pa.R.A.P. 1925(a) opinion, explained that it denied Weaver's petition on the basis of **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. 2001). The trial court reasoned:

> [U]nlike charges for which the defendant has been acquitted or *nolle prossed*, charges withdrawn pursuant to plea agreements are not subject to the **Wexler** test, and require no such hearing. **See Com[monwealth] v. Lutz**, 788 A.2d 993, 1001.
>
> In **Lutz**, the defendant/appellant pushed the victim to the ground and stabbed the victim, causing "serious knife wounds to his stomach and liver." **Id.** at 995. Appellant was charged with "one count of criminal attempt to commit homicide, two counts of aggravated assault, one count of simple assault, one count of recklessly endangering another person, and one count of possessing an instrument of crime." **Id.** Appellant was "bound … for trial on all charges." **Id.** Before the trial however,

Appellant chose to enter a guilty plea pursuant to a plea bargain negotiated with the Commonwealth; as the trial court reasoned, "the consideration received by the parties was that in return for Appellant's guilty plea to the Aggravated [A]ssault charge, the Commonwealth would move to dismiss the remaining charges." *Id.* at 1000. In affirming the trial court's holding that expungement would have been inappropriate, the Superior Court reasoned that "[i]n the absence of an agreement as to expungement, [an] [a]ppellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged."[8]

---

[8] The Superior Court also noted that this was "particularly" the case "where Appellant [had] already been bound over for trial on all charges, the Commonwealth [was] fully prepared to proceed against Appellant on all charges at trial, and Appellant admit[ted] to facts that could essentially constitute culpability for the dismissed charges." *Com[monwealth] v. Lutz*, 788 A.2d 993, 1001 (Pa. Super. 2001).

---

… [H]ere, as in *Lutz*, [Weaver] pled guilty pursuant to a plea agreement; as consideration for that agreement, certain charges were "withdrawn," "merged," or "negotiated with no further penalty." Further, here, as in *Lutz*, there was also no agreement that these charges would be expunged under the negotiated plea agreement. Moreover, as in *Lutz*, [Weaver] essentially admitted to the other offenses when she entered the plea, as the charges for which she admitted guilt met the same set of facts as the charges the Commonwealth agreed to "merge," "negotiate" or "withdraw."[9] Finally, the "merged" and

---

[9] The exception being the charge of DUI: Highest Rate of Alcohol, 1st Offense, which the docket notes was changed to reflect that it was [Weaver's] 2nd offense.

---

"negotiated" offenses in this case are even more essential to the agreement than the offenses in *Lutz*, as their dispositions implicate [Weaver] more than the "dismissed charges in that

case. It so follows that if the Court expunged the charges in this case, especially those that were "merged" or "negotiated," [Weaver] would be getting even more than she "bargained for" than the [a]ppellant sought in **Lutz**. Accordingly, based on the quasi-contractual nature of the plea agreement, I believe I reasonably concluded that [Weaver] was not entitled to expungement in this case.

Trial Court Opinion, 10/14/2016, at 3–5 (footnote omitted). Based on our review, we conclude the certified record is inadequate to resolve the issue presented in this case regarding the "withdrawn" charges.

In **Lutz**, "the Commonwealth agreed to dismiss, as part of a negotiated plea bargain, certain charges in exchange for Appellant's guilty plea to the remaining charge." **Id.** at 1001. As noted by the trial court, **Lutz** holds that denial of expungement of charges dismissed as part of a negotiated guilty plea is appropriate, "particularly where Appellant has already been bound over for trial on all charges, the Commonwealth is fully prepared to proceed against Appellant on all charges at trial, and Appellant admits to facts that could essentially constitute culpability for the dismissed charges." **Id.**

Here, unlike **Lutz**, at the preliminary hearing,[5] the charges against Weaver for Driving Vehicle at Safe Speed, Accidents Involving Damage to

_____

[5] The Commonwealth acknowledges, "The summary offenses of Driving at Safe Speed, Careless Driving and Accidents Involving [sic] were withdrawn at the time of the preliminary hearing." Commonwealth's Answer to [Weaver's] Motion for Order Dismissing Criminal Charges and to Expunge Criminal Record, 8/2/2016, at 1 n.1.

Unattended Vehicle or Property, and Careless Driving, were withdrawn, and the charge for DUI: Highest Rate — first offense was replaced. The Information, filed on July 16, 2008, did not include the aforementioned charges. Weaver entered her guilty plea to the charges in the Information almost five months later, on December 1, 2008, and there is no mention of the withdrawn charges either in the guilty plea slip or in the written guilty plea colloquy. As such, also unlike *Lutz*, this case does not reflect an explicit agreement indicating the withdrawn charges were part of the plea agreement.[6] Here, the docket ambivalently reflects that the charges for Driving Vehicle at Safe Speed, Accidents Involving Damage to Unattended Vehicles or Property, and Careless Driving were "withdrawn" on "06/24/2008," and "withdrawn" on "12/01/2008." However, the certified

_____

[6] In its brief, the Commonwealth maintains:

> The charges that were withdrawn at the preliminary hearing could have been reinstated by the Commonwealth at any time prior to [Weaver's] plea. Pa.R.Crim.P. 544. The Commonwealth, however, did not reinstate those charges, but allowed them to remain withdrawn when it drafted the plea agreement to the remaining charges. Additionally, the Commonwealth amended the DUI-Highest Rate count to reflect the proper offense number and grading. Finally, the plea agreement entered into by the Commonwealth and [Weaver] contained no provision for the expungement of any charges at a later date. As such, to grant [Weaver's] petition would provide [Weaver] "more than [she] bargained for in the plea agreement …." *Lutz*.

Commonwealth's Brief, at 6.

record contains no transcripts of the guilty plea and sentencing hearings that would definitively resolve this issue.

Under these circumstances, we are guided by ***Commonwealth v. Hanna***, 964 A.2d 923 (Pa. Super. 2009). In ***Hanna***, this Court addressed the trial court's denial of a petition for expungement where the trial court had relied on ***Lutz*** to support its decision. This Court found "the current state of the record" was "inadequate" to resolve whether the charges at issue were subject to the plea agreement. ***Id.*** at 928. The ***Hanna*** Court held:

> ***Lutz*** is arguably inconsistent with broad language from this Court and our Supreme Court, as well as the prevailing trend of our case law. Nevertheless, we are not free to ignore ***Lutz*** outright, because it has not been overruled by this Court *en banc* or by our Supreme Court. We also recognize that in any given case, there may be debate over the factual question of whether the parties entered into the type of "quasi-contractual" agreement described in ***Lutz.*** As noted above, this is such a case. In keeping with the spirit of the case law discussed above, we now further hold that the Commonwealth bears the burden of proving on remand with clear and convincing evidence that ***Lutz*** applies. If the Commonwealth fails to carry that heavy burden, then the ***Wexler*** test will apply. We also urge the court to be mindful of the public policy considerations consistently articulated by our Supreme Court and this Court concerning the value of expungement to an individual. ***See*** [***Commonwealth v. A.M.R.,*** 887 A.2d 1266, 1268 (Pa. Super. 2005).]. After the remand hearing, the court is free to issue a new order granting or denying expungement as to any or all of the charges in accordance with the principles set forth in this Opinion.

***Id.***, 964 A.2d at 928-29.

Accordingly, applying **Hanna** to the instant case, we remand for an evidentiary hearing on the withdrawn charges, and if the trial court determines it is appropriate, a **Wexler** hearing.

However, the DUI charge that was "changed" requires a different analysis. Weaver was originally charged with DUI: Highest Rate — first offense. This charge was then replaced with the charge for DUI: Highest Rate — second offense, to which Weaver pleaded guilty. Under these circumstances, we conclude no hearing is warranted for the DUI: Highest Rate — first offense charge that was amended to reflect the proper offense number and grading.

Order affirmed in part, and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017